## C. P. V. LEWIS v. BRAMAN JEWETT.

*Payment* Pendente Lite.   *Offset.   Usury.   Specifications in Offset.   Costs.*

Plaintiff, who held promissory notes belonging to defendant, as collateral security for the payment of notes against defendant, received part payment of the notes so held, and afterwards brought assumpsit on the notes witnessing the principal debt. After suit was brought he sold the only one of the notes so held that remained unpaid, and received therefor a sum more than sufficient to finish paying the principal debt. *Held,* that the receipt of that sum was equivalent to payment *pendente lite,* and discharged the cause of action, but that the excess could not be recovered in offset.

In assumpsit on a promissory note, defendant may treat money paid thereon as usurious interest, either as payment on the note, or as money held by plaintiff to his use, and recover it in offset.

Specifications are not legally necessary under pleas in offset, especially in trials by referees.

*Semble* that where plaintiff receives payment in full of his claim *pendente lite,* defendant may recover costs incurred after payment.

ASSUMPSIT.   Pleas, the general issue, with notice of payment, and offset.   The case was referred.   The plaintiff sought to recover on two promissory notes of which the defendant was the maker, and at the hearing he presented the notes and rested.   The defendant had before then filed a specification of his claim in offset, but after the plaintiff rested he filed an additional specification, to which the plaintiff objected.   The referee found the following facts.

In October, 1871, the defendant delivered to the plaintiff certain notes of which Henry L. Mower was the maker, as collateral security for the notes in suit.   The plaintiff afterwards received payments thereon from Mower so that on August 11, 1875, there was due on the only one of the notes that was not fully paid the sum of $163 only.   On that day, which was after this suit was brought, he sold that note to Hardin Allen for $92, which made in all $440.08 that he received from the Mower notes.   The sum due on that day on the notes in suit, in the smaller of which $18 for usurious interest was reckoned, and on the larger

of which the defendant had on February 26, 1869, paid a like sum as like interest, treating the payment of the latter sum as payment on the note, the sum of $388.66 ; otherwise, $414.54. At some time before the suit was brought the plaintiff also received of the defendant an order on Paul & Moren for $23.75, which was accepted and paid. That sum, with interest to September 11, 1877, the date of the report, amounted to $33.62. The excess of the proceeds of the Mower notes over the notes in suit, with interest to the same date, treating the $18 paid as aforesaid as payment on the note, was $57.24; otherwise, $29.54. The referee found that the defendant should recover the $33.62 on his plea in offset ; and, if the fact that the $92 was received after suit was brought did not preclude, that he should also recover the excess of the proceeds of the Mower notes over the notes in suit—treating the $18 paid as aforesaid as payment on the note, or otherwise, as the court might determine. That sum was not included in the defendant's specifications.

The court, at the September Term, 1877, ROYCE, J., presiding, rendered judgment, *pro forma*, on the report for the defendant for his costs ; to which the defendant excepted.

*Edson & Rand*, for the defendant.

The avails of the collaterals should apply in payment of the notes in suit, whether paid before or after the suit was brought. Any balance of the avails of the collaterals, is therefore properly recoverable under the plea in offset, and the plaintiff can take no advantage of the fact that some portion of the money was paid after the filing of the plea.

The $18 paid as usurious interest, and the $33.62, the avails of defendant's order, were in the plaintiff's hands at the filing of the plea, and are properly recoverable by defendant under the plea. 1 Chit. Pl. 472, and cases cited ; *Carter* v. *Howard*, 39 Vt. 106 ; *McDaniels* v. *McDaniels's Admr.* 40 Vt. 340 ; *Shaw* v. *Moon*, 49 Vt. 68.

The referee had power to try the matter without reference to pleadings. *Laport* v. *Bacon*, 48 Vt. 176, and cases *passim*.

*A. G. Safford,* for the plaintiff.

No money received by the plaintiff since the service of the writ can be recovered by the defendant under his plea in offset. Gen. Sts. c. 39, s. 5; *Houston* v. *Fellows,* 27 Vt. 634. Nor can the $92 be applied under the plea of payment, because it was received after the plea was filed, and there is no plea *puis darrein continuance.* Gould Pl. 373.

The defendant ought not to be allowed to recover the $18 usury found to have been paid by him in February, 1869, because it was not included in his specification.

The opinion of the court was delivered by

Ross, J. On the facts found by the referee, the plaintiff held the Mower notes as security for the payment of the two notes in suit against the defendant. On these notes the plaintiff received, including the $92 received by him August 11, 1875, with interest added on the prior receipts to the latter date, $440.08. The $92 was received subsequently to the commencement of this suit. The amount due the plaintiff on the notes against the defendant, August 11, 1875, without deducting the $18 usury, or extra interest, received by him, was $414.54. Hence, if the defendant has the right to have the $92 which was received by the plaintiff from the Mower notes after this suit was commenced applied in part payment of his notes held by the plaintiff, there is nothing left due the plaintiff but a balance of $25.54 overplus left in the plaintiff's hands belonging to the defendant. Such, we think, is the legal effect of his receipt of the $92 under the facts found by the referee. When that sum came into the plaintiff's hands, by force of the relation in which he held the Mower notes, it was to be used, so far as was necessary to effect that purpose, to extinguish the balance due the plaintiff from the defendant on the notes in suit. The receipt of this sum by the plaintiff effected and operated upon the suit the same as it would if the plaintiff had received the same sum in payment of the balance due him on the notes pending the suit. Its legal effect was to discharge his cause of action from that time. Whether it operated to discharge his right to costs to that time, if there were nothing more in the

suit, may be questionable. This was not such an extinguishment of the plaintiff's right of action which had once existed as is contemplated by the statute requiring it to be plead or notice given of it. The statute has reference to an extinguishment which occurs before the suit is brought. If this could not have been shown strictly under the plea of payment filed in the case, because it occurred subsequently to the bringing of the suit, we think it could be under the general issue,— certainly under a modified plea of payment. The judgment being upon the report of a referee, the actual pleadings are unimportant, if by proper amendment they are adjustable to the facts reported.

The statute regulating actions in set-off confines the defendant's right to recover to such causes of action founded on contract express or implied as existed in favor of the defendant against the plaintiff at the time the original action was commenced. This is a necessary and proper limitation, to prevent the defendant from buying up claims against the plaintiff after the suit has been commenced, for the purpose of defeating the plaintiff's recovery. Hence, the defendant is not entitled to recover of the plaintiff on his plea in set-off, the overplus of the avails arising from the Mower notes. The $33.62 growing out of the Paul & Moren order is independent of the note transactions and strictly a counter claim. It is not claimed that this is not a proper item to be recovered under the plea in offset. The plaintiff only claims that the $92 can neither be applied in payment, nor recovered in set-off, and hence this item, when applied in set-off, is not enough to extinguish the balance recoverable by him on the two notes sued upon. But as we hold this claim untenable, and apply so much as necessary of the $92 to the extinguishment of the balance due on the notes sued upon, the defendant is entitled to recover on his declaration in set-off this item of $33.62. The defendant also claims to recover under his plea in set-off the $18 usury paid by him to the plaintiff, February 26, 1869, on the larger note. Money received as usury is held to the use of the person paying the same, and can be recovered in set-off under a declaration in assumpsit. *Ewing* v. *Griswold*, 43 Vt. 400. The plaintiff did not receive nor apply the $18 in payment of either the principal

or legal interest on the note. He received and held it in violation of law as usury, or as an illegal incident to the note which he and the defendant unlawfully created. Having its origin thus in connection with the note transaction, the defendant could compel an application of it in reduction or payment of the note, or he may treat it as the law does, as money held by the plaintiff to his use, and recover it under his plea in set-off. He elects to have it treated in the latter manner. To this the plaintiff objects, because it is not set forth in the defendant's specifications under the plea in offset. But specifications were not legally necessary to the defendant's right of recovery under his plea in set-off, especially in a trial before a referee. In a trial by the jury, specifications are not usually a necessary part of the pleading, and, when furnished under the order of the court, how far a party shall be limited by them, rests largely in the discretion of the court. Items may be added during the trial unless such addition operate to surprise or otherwise prejudice the other party and place him at a legal disadvantage in the trial. Hence, where a referee has found the facts on a full and fair trial, the fact that an item so found due has not been placed upon the party's specification, is not, of itself, a legal bar to the party's right to recover for such item. At most, it would be only a ground for the non-acceptance of the report by the County Court. This item, with interest to September 11, 1877, the date to which referee cast interest, amounts to $27.27.

The result is, the *pro-forma* judgment of the County Court is reversed, and judgment rendered for the defendant to recover on his plea in set-off the sum of $60.89, with interest from September 11, 1877, and costs, diminished by the amount of the plaintiff's cost which accrued before August 11, 1875, when the $92 was paid.