## ASA SOUTHWORTH v. JOHN KIMBALL, ADM'R OF MRS. A. L. KIMBALL'S EST.

[In Chancery.]

*Equity Jurisdiction.   Pleading.   Mistake.   Married Woman.   Implied Promise.   R. L. s. 2133.*

1. A bill in equity will not lie against the administrator of a deceased married woman's estate to recover the value of a government bond, claimed to have been delivered by mistake to the intestate in her lifetime, as there is an adequate remedy at law, if any.

2. But if the orator had any equity, the bill should be dismissed on demurrer, as it is not alleged that the intestate left any separate estate to be charged with the payment; or, if so, that it was sufficient to pay all claims in full; or that the bond had been converted into money; or that commissioners had been appointed, — the prayer of the bill being that the value of the bond be decreed to be paid out of the funds of the estate.

3. The law will not raise an implied promise against a married woman, who cannot make a valid contract.

BILL IN CHANCERY.  Heard on demurrer, Orange County, December Term, 1884, ROWELL, Chancellor.  Demurrer allowed, and bill dismissed.

*Farnham & Chamberlin*, for the orator.

The orator did nothing to protect his rights for a tort; nor was he obliged to.  The law will raise a promise to pay. The separate estate of a *feme covert* is chargeable for debts contracted on the credit of it, or for contracts made in benefit of it.   *N. A. Coal Co.* v. *Dyett,* 7 Paige, 9; *Dale* v. *Robinson,* 51 Vt. 21; *Yale* v. *Dederer,* 18 N. Y. 265; *Sargeant* v. *French,* 54 Vt. 384.

The rule applies as well to an implied as to an express promise.   *Murray* v. *Barlee,* 4 Sim. 83; *S. C.* 3 Mylne & K. 225.

There was no adequate remedy at law.  Claims of an

22

equitable character cannot be passed upon by commissioners. *Hendrick* v. *Cleaveland,* 2 Vt. 329; *Brown* v. *Sumner*, 31 Vt. 671; *Sparhawk* v. *Buell,* 9 Vt. 71.

The intestate's estate will be made liable in equity. *Picard* v. *Hine,* L. R. 5, Ch. App. Cas. 274.

*John H. Watson,* for the defendant.

A married woman's express contract is not chargeable upon her separate estate, unless the credit was given to the estate, not to the individual. *Sargeant* v. *French,* 54 Vt. 384.

Her general engagements, being void at law, will not be enforced in equity. *Dale* v. *Robinson,* 51 Vt. 21.

No promise can be implied. *Curtis* v. *Engel,* 2 Sandf. Ch. 287; *Johnson* v. *Gallagher,* 3 De G. F. & J. 494.

The same doctrine is held in New Jersey. *Armstrong* v. *Ross,* 20 N. J. Eq. 109; *Perkins* v. *Elliot,* 22 N. J. Eq. 127.

The torts of a married woman cannot be satisfied out of her separate estate. Perry Tr. s. 659; *Wright* v. *Chard,* 1 De G. F. & J. 567; 4 Jac. Fish. Dig. 6108.

The remedy is adequate at law, if any. R. L. s. 2133; *Currier* v. *Rosebrooks,* 48 Vt. 34; *Shaw* v. *Hallihan,* 46 Vt. 389; *Adams* v. *Adams,* 22 Vt. 50.

The opinion of the court was delivered by

Ross, J. The defendant has demurred to the orator's bill of complaint. The contention is, whether the facts, admitted by the demurrer, entitle the orator to relief in a court of equity. The controlling facts set forth in the bill are, that in 1868, the orator took two U. S. gold-bearing bonds of $100 each from the intestate, who was then a married woman, to exchange for other like bonds having a longer time to run; that he did so exchange them, and on the 5th of August, 1868, by mistake, delivered to her three, instead of two, such bonds; that she remained a married woman until her decease in 1868, and that he has never had the one

hundred dollar bond, so delivered by mistake, returned to him, or any payment, as interest therefor. He prays, that the defendant, who is administrator on her estate, may be decreed to pay him the value thereof with interest out of funds belonging to her estate. There is no affirmative allegation, that the intestate left any estate, nor, if so, that it is sufficient to pay all claims against it in full, nor that he ever demanded said bond of the intestate, nor of the former, or present administrator on her estate, nor that she, or they, have converted said bond into money; nor of the time when he first discovered his mistake, except it was after the death of the intestate, nor that she was ever made aware of it in her lifetime, nor that the bonds were her sole and separate property, nor, whether commissioners have ever been appointed on her estate. It was held by this court in *Brown* v. *Sumner*, 31 Vt. 673, that a debt resting upon the promise of a married woman for its foundation (in that case, it was a promissory note), could not be proved and enforced through commissioners on her estate, such promise being void. But in the case at bar, no promise is alleged, and none could be implied from the facts and circumstances stated in the bill. It does not appear that she ever used the bond; she may have kept it as the property of, and for the orator. It follows logically, that, against a person incapable of making a valid promise, the law would not raise an implied promise or undertaking. *Curtis* v. *Engel*, 2 Sandf. Ch. 287; Perry Trusts, s. 659; *Murray* v. *Barlee*, 4 Sim. 83. To charge the separate estate of a married woman it is not enough to show her promise, express or implied, to pay the debt. It must be shown, that the debt for the payment of which the promise was made went to the benefit of her separate estate, or for her benefit on the credit of such estate. *Sargeant* v. *French*, 54 Vt. 384.

If it be admitted, which is not alleged, that the bond went to the benefit of the intestate, there is no allegation

that it went for the benefit of her separate estate, or that she left any sole and separate estate to be charged in equity with its payment. It is not alleged that any interest on the bond was paid to her in her lifetime. The facts of the bill negative that the bond was delivered on the credit of her separate estate. If it should be held, that the orator's remedy is to have her estate in the hands of the administrator charged with the payment, the bill is lacking in the proper allegations to raise such equity.

But, we think, that, if the orator has any remedy he has an adequate remedy at law. If the bond was converted by the wife during her lifetime, the tort did not at common law survive. *Hambly* v. *Trott*, Cowper. 371. Neither could the tort be satisfied out of her separate property, if any she had; because there is no contract, express or implied, which shows an intention to charge her separate estate; nor can property delivered by mistake be said to be delivered to a married woman, on the faith, or credit of her separate estate or for its benefit, which is necessary for equity to charge the estate with its payment. *Dale* v. *Robinson*, 51 Vt. 20. By our statute—s. 2133—trover for personal estate survives. If the intestate had converted the bond to her own use during her lifetime, by converting it to money, and adding it to her separate estate, the orator could have maintained trover against her and her husband, and could have taken the execution issued on such judgment against the property of either. If she had simply detained it, in specie, the conversion would have been to the use of the husband, for which he alone would be liable, as held in *Dohorty* v. *Madgett*, *ante*, 323, and in *Shaw, adm'r*, v. *Hallihan*, 46 Vt. 389. If the conversion was of such a nature that she would be liable with her husband, so that her property could be taken on the execution, we do not see any legal objection against proving it against her estate before commissioners, if they have been appointed, and if no commissioners have been appointed, against its enforcement by a suit at law against

the administrator, unless the claim has become barred by the appointment of commissioners and a failure to prove the claim before them; or by the Statute of Limitations, by failure to sue the administrator seasonably.

If the bond came intact into the hands of the administrator, it being the property of the orator, and never converted by any act of the intestate, the orator had the right to pursue the administrator at law, personally, for the bond, or its conversion.

The bill is lacking, in substance necessary to furnish the orator with equitable relief; and, we think, from the facts not alleged, which probably might be brought into the bill, by way of amendment, that the orator has adequate remedy at law for the money, if any; either against the estate of the intestate, against her husband, or against the administrator personally, unless he has tort, and suffered his rights to become barred, by non-action, or neglect.

The decree of the Court of Chancery dismissing the bill is affirmed and the cause remanded.