FRANCIS BATCHELDER & COMPANY v. HIRAM B. WEDGE.

October Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 21, 1907.

*Replevin—Bankruptcy—Attachments of Four Months' Standing —Status.*

Where a petition in bankruptcy was filed more than four months after the bankrupt's property had been attached on suits then pending, such attachments constituted liens that were not invalidated by the subsequent adjudication of bankruptcy, and were paramount to the rights of a trustee in bankruptcy, or of a receiver of the bankrupt's property appointed after such adjudication.

Since it appears that the receiver sold plaintiff only the bankrupt's interest in the attached property, and that before and at the time of the sale plaintiff was notified of the attachments, the question of the rights of an innocent purchaser of the attached property for value are not involved.

23

REPLEVIN for goods taken by defendant by virtue of an attachment. Heard on an agreed statement at the March Term, 1907, Washington County, *Miles,* J., presiding. Judgment for the defendant to recover one cent damages and his costs, and for the return of the property. The plaintiff excepted. The following is the agreed statement:

"The Hobart Farm Company, a corporation duly organized and chartered under the laws of the State of New Hampshire, had its principal office and place of business in Boston, in the Commonwealth of Massachusetts. Said business of said corporation consisted in dealing in dairy products and making butter, and said company owned, and operated and conducted a creamery establishment duly equipped with the necessary machinery hereinafter mentioned, at what is known as 'Berlin Corners,' in the town of Berlin, and State of Vermont. The personal property of the said company consisted of, and is, the same property described in the plaintiff's writ of replevin, and is the same property involved in this suit. The aforesaid company, in April, 1903, was petitioned into bankruptcy, and was thereupon duly adjudged bankrupt, and a receiver appointed and qualified to take charge of all the business and property of the said company, and settle the estate of the said company in accordance with the requirements of the bankruptcy law applicable thereto.

On the 3rd day of February, 1902, F. R. Whitlaw, then a resident of Berlin, but now of Randolph, this State, brought his suit against the said Hobart Farm Company, and on the same day the writ was duly served, and all of the property of the said Hobart Farm Company, in said Berlin, consisting of both real and personal property, was then and there attached, said personal property being all and the same property replevied in this action. Said writ was returnable into the City Court of Montpelier, at which time the case was continued until March 19, 1902, when judgment in said cause was rendered for the plaintiff, and the defendant in said cause (the Hobart Farm Company) thereupon took an appeal and said case passed to the Washington County Court, where it remained until the March term of said court, 1905, when judgment was rendered for the plaintiff to recover the sum of $226.49 damages, and $45.25 costs, amounting in all to $271.74. Also, that on the 12th day

of February, 1902, L. Chatfield, of said Berlin, brought suit against the said Hobart Farm Company by virtue of his writ of attachment prayed out of said court of the said city of Montpelier, which writ was served on the said Hobart Farm Company on the 13th day of February, 1902, and thereupon attached all of the property of the said bankrupt company, being the same property that was attached by the said Whitlaw as aforesaid. Said writ was returnable to the said City Court of said city of Montpelier on the 23rd day of April, 1902, at which time judgment was entered against the said Hobart Farm Company, and thereupon the said company appealed the said cause, and accordingly the same passed to the Washington County Court and was then continued from time to time until the March term of said County Court, 1905, when judgment was rendered for the plaintiff to recover $236.29 damages and $40.81 costs, amounting in all to $277.10. In each of the above mentioned causes, execution was issued on the first day of June, 1905, and both of said executions were placed in the hands of the defendant, Hiram B. Wedge, as deputy sheriff of Washington County, to serve and return make according to law, and the said deputy sheriff in pursuance of said executions, levied on and took possession of all the personal property attached as aforesaid, and was about to sell the same under said execution, when the plaintiff herein, by virtue of its writ of replevin, dated on the 11th day of July, 1905, replevied said goods from the defendant herein. Said writ was duly served on the 12th day of July of the same year, and, accordingly, all of the personal property herein mentioned was replevied from the said defendant, Hiram B. Wedge. That after the receiver of the said Hobart Farm Company, bankrupt, was duly appointed and qualified, he, on the sixth day of October, 1904, petitioned the Circuit Court of the District of Vermont, as receiver of said company for permission to sell the property of the said bankrupt for the purpose of settling the estate of the said bankrupt company, which petition was duly entered in said court, and permission granted said receiver by said court to sell said property at public auction. And said receiver, in accordance with the directions of said court, advertised said property, and sold it at public auction, at Berlin, at the same place and on the same premises that the said Hobart Farm Company occupied while

conducting the business of the said bankrupt company, notice being given then and there to said plaintiff before and at the time of said sale of this said attachment of said Whitlaw and Chatfield on said property, and the receiver then and there on the 18th day of November, 1904, and before the executions herein referred to were issued, sold all the right and title and interest of the said Hobart Farm Company in and to said property in Berlin, which is the same personal property involved in this suit, upon which the said Whitlaw and the said Chatfield claimed to hold an attachment, and at the aforesaid sale the plaintiff herein purchased said property and paid for the same, and now claims the right to hold said property as owner thereof, and after the aforesaid purchase of said property by the plaintiff herein, the defendant deputy sheriff, by virtue of the aforesaid executions, levied upon said property, and this suit was brought to obtain rightful possession of all of said personal property as described in said writ, and accordingly the plaintiff asks judgment for nominal damages and costs, together with the rightful possession of the said property by reason of the aforesaid purchase of said property from the receiver at said public sale.''

*M. M. Gordon* and *Earl R. Davis* for the plaintiff.

The Bankruptcy Act, section 67f, provides that all judgments obtained through legal processes at any time within the prescribed period of the bankruptcy of the debtor shall be deemed null and void and the property affected by the judgment, levy, attachment or other liens shall be deemed wholly discharged and relieved from the same and shall pass to the trustee as part of the estate of the bankrupt. *Wilder* v. *Weatherhead et al.*, 32 Vt. 765; *In re Tobias et al.*, 5 Am. B. Rep. 326; *In re Johnson*, 6 Am. B. Rep. 202.

*Fred A. Howland* and *William N. Theriault* for the defendant.

The attachments were made more than four months prior to the bankruptcy of the Hobart Farm Company and the liens created by the attachments were therefore not affected by the

bankruptcy proceedings. Loveland on Bankruptcy, 3rd ed., 545; Brandenburg on Bankruptcy,· 3rd ed., §1114; *In re Snell,* 125 Fed. 154, (11 Am. B. Rep. 35); *In re English,* 122 Fed. 114; *In re Knight,*· 125 Fed. 42; *Clarke* v. *Larromore,* 188 U. S. 488; *Metcalf Bros.* v. *Barker,* 187 U. S. 165, (9 Am. B. Rep. 36); *Continental Bank* v. *Vakatz,* 1 Am. B. Rep. 19; *In re Blumburg,* 1 Am. B. Rep. 633; *In re Dunavant,* 3 Am. B. Rep. 41; *Taylor* v. *Taylor,* 4 Am. B. Rep. 211; *In re Pease,* 4 Am. B. Rep. 547; *Doyle* v. *Heath,* 4 Am. B. Rep. 705; *In re Blair,* 6 Am. B. Rep. 206 and note; *In re Beaver Coal Co.,* 6 Am. B. Rep. 404; *Pepperdine* v. *Bank of Seymour,* 10 Am. B. Rep. 570.

WATSON, J. A lien was created by each of the attachments more than four months prior to the filing of the petition in bankruptcy. Under section 67f of the Bankrupt Law of 1898, these liens were not invalidated by the adjudication. The case of *Thompson, Trustee,* v. *Fairbanks,* 75 Vt. 361, 56 Atl. 11, is decisive of this question. There a chattel mortgage of more than four months' standing at the time of the filing of the petition in bankruptcy, and good at common law between the parties, was involved. To perfect his lien on the property, the mortgagee took possession thereof under his mortgage within four months prior to the filing of the petition. It was held that the mortgage lien was not invalidated by the adjudication, and that it was paramount to the rights of the trustee under the bankrupt law. The decision of this Court was affirmed by the Supreme Court of the United States,—196 U. S. 516, 49 L. ed. 577,—where it was further held that under the present bankrupt act the trustee takes the property of the bankrupt, in cases unaffected by fraud, in the same plight and condition as the bankrupt himself held it, and subject to all the equities impressed upon it in the hands of the bankrupt, except where there has been a conveyance or encumbrance of the property, which is void as against the trustee by some positive provision of the act.

It is further argued by the plaintiff that the question is also raised whether the attachments created liens good against an innocent purchaser of the property for value at a public sale by the receiver of the bankrupt company appointed by the Circuit Court of the United States and selling under a special order

from that court.   But the case does not present that question.
The record states that before and at the time of the sale notice
was given to the plaintiff of the attachments, and that the re-
ceiver sold only "the right and title and interest" of the bank-
rupt in the property.

*Judgment affirmed.*