## W. L. CURRIER *v.* EDWARD KING.

Special Term at St. Johnsbury, February, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 29, 1908.

*Pleading—Requisites—Bankruptcy — Discharge—Sufficiency of Plea—Attachment Lien—How Affected by Discharge in Bankruptcy—Homestead—Abandonment.*

Whatever circumstances are necessary to constitute the cause of complaint or ground of defence must be stated in the pleadings, but only facts are to be stated, not arguments, nor inferences, nor matters of law.

Plaintiff's specification under his declaration in general assumpsit is no part of the declaration as regards subsequent pleadings, but is only a limitation on his proof.

Where a declaration in assumpsit did not show plaintiff's debt to have been provable in bankruptcy, a plea of discharge in bankruptcy not alleging that fact is bad on demurrer. *Bailey's Admx.* v. *Gleason*, 76 Vt. 115, distinguished.

In whatever stage of the pleadings it is taken, a demurrer reaches back through the whole record and fastens on the first substantial defect in the pleadings.

In an action of assumpsit for the purpose of realizing on the prop-
erty thereby attached, plaintiff is entitled to judgment notwith-
standing defendant's discharge in bankruptcy, granted in pro-
ceedings begun more than four months after the attachment was
made.

A trustee in bankruptcy takes the bankrupt's property subject to all
equities imposed on it while in the hands of the bankrupt.

Where, more than four months before the filing of defendant's pe-
tition to be adjudged a bankrupt, plaintiff attached land that
defendant had abandoned and was not keeping and occupying
as a homestead, plaintiff's lien was not affected by the action of
the bankruptcy court in setting out the land to defendant as a
homestead. *White* v. *White*, 68 Vt. 161, distinguished.

GENERAL ASSUMPSIT. Heard on the defendant's demurrer
to plaintiff's surrejoinder, at March Term, 1907, Essex County,
*Taylor*, J., presiding. Demurrer overruled and surrejoinder
adjudged sufficient; whereupon judgment was rendered for the
plaintiff to be satisfied solely from the property attached. The
defendant excepted. The opinion recites the substance of the
pleadings in question.

*Amey & Hunt* for the defendant.

By contesting defendant's claim to a homestead, plaintiff
elected to waive his attachment lien. *White* v. *White*, 68 Vt.
161. And plaintiff is estopped from taking judgment against
this property by the judgment of the bankruptcy court setting
out defendant's homestead thereon. *Woodruff* v. *Taylor*, 20 Vt.
65. The federal courts are not to be regarded by the state courts
as foreign tribunals, but their judgments are to be accorded in
the courts of any state the same effect, respect and conclusive-
ness as would be accorded in similar circumstances to the
judgments of a state tribunal of equal authority. *St. Albans*
v. *Bush*, 4 Vt. 58; *Embry* v. *Palmer*, 107 U. S. 3; *Oceanic Steam
Nav. Co.* v. *Compania etc.*, 134 N. Y. 461; *Dupasseur* v. *Rochereau*,
21 Wall. 130; *Durant* v. *Essex Co.*, 85 Am. Dec. 685; *Steinbach*
v. *Ins. Co.*, 33 Am. Dec. 655. A judgment duly rendered by a
federal court is conclusive and indisputable as to all points and

questions in issue and adjudicated. *Hill* v. *Barre Nat. Bank,* 56 Vt. 582; *McCauley* v. *Hargroves,* 15 Am. St. Rep. 660; *Dudley* v. *Lindsay,* 50 Am. Dec. 522; *Thomas* v. *Southard,* 26 Am. Dec. 467. Where the right, title or ownership of property is directly put in issue, whether by the pleadings or the course of the litigation and is· tried and determined, the judgment is, conclusive thereon in all further litigation between the same parties or their privies, whatever may have been the nature or purpose of the action in which the judgment was rendered or of that in which the estoppel is set up. *Morgan* v. *Baker,* 26 Vt. 602; *Storrs* v. *Robinson,* 58 Atl. 746; *Lawrence* v. *Englesey,* 24 Vt. 42. A judgment is conclusive not only upon the question actually contested and determined, but upon all matters which might have been litigated and decided in that suit. 23 Cyc. 1295; *Parkhurst* v. *Sumner,* 23 Vt. 538; *Harmon* v. *Auditor of Pub. Accts.,* 5 A. S. R. 502; *Hill* v. *McConnell,* 68 Atl. 199.

*Herbert W. Blake* for the plaintiff.

The adjudication that the said place was the homestead of the defendant only amounted to this; that neither himself nor the general creditors had any title or right to the said property, other than to set it out to the bankrupt. His power was analogous to that of the probate court, which simply says that so far as it is concerned, a particular piece of ground is homestead, and leaves the parties to their remedy in other courts, to establish contested rights and titles to it. *Mann* v. *Morris Est.* 53 Vt. 48; *Goodall* v. *Boardman,* 53 Vt. 101.

The trustee takes the property subject to all subsisting and valid liens, encumbrances or equities, whether created by operation of law or by the act of bankrupt. *Pond* v. *Campbell,* 56 Vt. 674; *Thompson, Tr.* v. *Fairbanks,* 75 Vt. 361; *Batchelder* v. *Wedge,* 80 Vt. 353; *In re Wells,* 5 Am. Bankruptcy Rep. 308.

And so we submit that the plaintiff is entitled to his judgment: First, because the plea is bad; second, because the replication is sufficient for the plea; third, because the rejoinder is bad; and fourth, because the surrejoinder is good enough

for an answer to the rejoinder, and shows a right to have judgment and satisfaction of the same out of the attached property, notwithstanding all the facts pleaded by the defendant; in order to avoid the attachment on account of the homestead right, it should be shown that the defendant was so keeping and occupying the real estate in question that it was not attachable at the time the attachment was made. *Keyes* v. *Bump,* 59 Vt. 391; *Bugby* v. *Bemis,* 60 Vt. 216.

TYLER, J. Assumpsit in the common counts. The writ is dated April 10, 1905, was served on the same day by attaching all the defendant's real estate in the towns of Brighton and Newark, and was returnable April 25 to a justice of the peace. The case was continued from time to time till May 13. The plaintiff sought to recover an overdue instalment of one hundred dollars on a six hundred dollar promissory note.

The defendant pleaded, *actionem non,* that Sept. 30, 1905, he filed his petition to be adjudged a bankrupt in the U. S. District court, district of Vermont, that he was afterwards adjudged a bankrupt, and that on July 3, 1906, he received from that court his discharge as such bankrupt; that the plaintiff's cause of action accrued before the filing of the defendant's petition in bankruptcy and was scheduled in time for allowance, etc.

The plaintiff replied that, *precludi non,* by reason of the defendant's discharge in bankruptcy because the plaintiff's writ was sued out and his attachment filed, more than four months before the filing of the defendant's petition to be adjudged a bankrupt; that the plaintiff did not waive his attachment lien and share in the distribution of the defendant's assets but did rely upon his security, and that his debt against the defendant was disallowed by the court on the ground that it was amply secured by his attachment. The plaintiff conceded in his replication that his judgment should be limited for its satisfaction to the property attached. The defendant rejoined that upon hearing the parties the bankruptcy court, by the trustee in bankruptcy, set apart for the defendant as a homestead exemption fifty acres of land with the buildings thereon, which he acquired by deed May 27, 1903, which was all the real estate

attached by the plaintiff in Newark, and of the value of less than five hundred dollars; that the plaintiff's debt upon which he seeks to recover judgment accrued March 29, 1905; that said note was secured by a mortgage upon the defendant's real estate in Brighton; that the plaintiff presented his debt for allowance to the referee in bankruptcy, and that it was disallowed for the reason that by the plaintiff's concession his security equalled the amount of his debt; that the plaintiff, since May 1, 1905, had been in possession of the land in Brighton by virtue of his mortgage security and had taken all the rents, products and profits thereof.

The plaintiff surrejoined that though his claim was presented and disallowed because of his concession that his securities equalled it in amount, his attachment lien was obtained at a time when the defendant had abandoned and was not keeping and occupying said Newark real estate as a homestead, and that the trustee in bankruptcy had no jurisdiction over his attachment. To this the defendant demurred.

1. The first question is whether the defendant's plea of a discharge in bankruptcy is sufficient. The plaintiff claims that the plea is defective in not alleging that the plaintiff's debt was provable in bankruptcy, that it was a debt from which a discharge in bankruptcy would in law operate as a release.

It is a rule in pleading that, whatever circumstances are necessary to constitute the cause of complaint or the ground of defence, must be stated in the pleadings; facts only are to be stated and not arguments or inferences, or matters of law. But it was decided in *Bailey's Admx.* v. *Gleason*, 76 Vt. 115, 56 Atl. 537, following the rule in Bump on Bankruptcy, 11 ed. 724, that the plea need not allege that the debt was provable where the debt alleged in the declaration is *prima facie* provable. As the declaration in that case counted upon a promissory note, it was held to come within the rule.

That case differs from this in that here the note is not declared upon, the plaintiff declaring only in the common counts in assumpsit. And the fact that he filed a copy of his note in court as a specification of his claim is not sufficient, for it is held that a specification is no part of the declaration for the purposes of the subsequent pleadings, but is only a limitation

19

upon the plaintiff's proof. *Lapham* v. *Briggs,* 27 Vt. 26; *Lewis* v. *Jewett,* 51 Vt. 378.

In accordance with the decision in *Bailey's Admx.* v. *Gleason,* it must be held that, as the declaration does not show the plaintiff's debt to have been provable in bankruptcy, the plea is defective in not alleging that fact.

The defendant's demurrer discloses the defect in his plea, for in whatever stage of the pleadings a demurrer is taken, it reaches back through the whole record and attaches to the first substantial defect in the pleadings, on whichever side it may have occurred. The plea, therefore, does not set up a good defence to the plaintiff's cause of action.

As the demurrer admits all the facts that are well pleaded by the plaintiff, and, as the writ and declaration are blended in one instrument, and, as the writ shows that it was served and the defendant's property attached more than four months before the filing of the defendant's petition in bankruptcy, that fact stands admitted by the defendant.

As the plaintiff's attachment lien was obtained more than four months before the filing of the defendant's petition in bankruptcy, it was not affected by the bankruptcy proceedings, according to section 67 of the national bankrupt act of 1898, and the plaintiff was entitled to a judgment on his demand notwithstanding the defendant's discharge.

Was the plaintiff barred from taking judgment by the action of the bankruptcy court in setting out to the defendant as a homestead all his real estate attached by the plaintiff in Newark?

The plaintiff alleges that he presented his demand for allowance against the bankrupt's estate, and that it was disallowed by the bankruptcy court on the plaintiff's concession that the demand was adequately secured.

Under section 57 g. of the bankruptcy act of 1898, the plaintiff's claim could not have been allowed unless the plaintiff surrendered his security. The pleadings do not disclose any act done by the plaintiff to invalidate his lien, and the adjudication of the defendant's bankruptcy did not affect it. It was held in *Thompson, Trustee,* v. *Fairbanks,* 75 Vt. 361, 56 Atl. 11, 104 Am. St. Rep. 899, that a mortgage lien was not invalidated by

an adjudication of the mortgagor's bankruptcy, and in the same case the U. S. Supreme Court in 196 U. S. 516, 25 Sup. Ct. 306, 49 Law. ed. 577, said that the trustee takes the property of the bankrupt in the same plight and condition as the bankrupt himself held it, and subject to all the equities impressed upon it in the hands of the bankrupt. That case and *Batchelder* v. *Wedge*, 80 Vt. 353, 67 Atl. 828, are decisive of the questions here raised.

The case of *White et al.* v. *White et al.*, 68 Vt. 161, 34 Atl. 425, is not in point for the defendant. This is not a case where the plaintiff elected to take one of two inconsistent remedies. The plaintiff avers and the demurrer admits that prior to the time of the attachment of the Newark land the defendant had abandoned and was not keeping and occupying the land as a homestead. His lien was not impaired by his objecting to the land being set out as a homestead.

*Demurrer sustained; plea adjudged insufficient; cause remanded.*