STANDARD OIL CO. OF NEW YORK *v.* B. O. STEVENS.

February Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed October 7, 1930.

*Wm. R. McFeeters* for the plaintiff.

*A. Pearley Feen* for the defendant.

POWERS, C. J. The bankruptcy of the defendant does not stand in the way of our proceeding with this case. It is a contract action instituted by a writ dated June 27, 1928,

under which an attachment was placed upon the defendant's property. More than four months later, bankruptcy proceedings were instituted, and the defendant was adjudged a bankrupt on December 18, 1929. The jurisdiction of the court below, being acquired more than four months prior to the bankruptcy proceedings, was exclusive of that of the bankruptcy court, and we may lawfully proceed to a final judgment. *Piedmont Coal Co.* v. *Hustead* (C. C. A.), 294 Fed. 247, 32 A. L. R. 556, 559; *Murphy* v. *Hofman Co.*, 211 U. S. 562, 53 L. ed. 327, 29 Sup. Ct. 154; *Pickens* v. *Roy*, 187 U. S. 177, 47 L. ed. 128, 129, 23 Sup Ct. 48.

██ Moreover, the attachment created a lien upon the property covered by it, and placed the same in the custody of the law to respond to any judgment and execution that the plaintiff might obtain in the suit. *Brandon Iron Co.* v. *Gleason*, 24 Vt. 228, 235, though the attachment was made by lodging a copy in the town clerk's office. *Barron* v. *Smith*, 63 Vt. 121, 124, 21 Atl. 269. On this question, the State law governs. *Reardon* v. *Rock Island Plow Co.* (C. C. A.), 168 Fed. 654.

██ A trustee in bankruptcy takes the property, questions of fraud aside, in the same plight and condition as the bankrupt held it. *Batchelder* v. *Wedge*, 80 Vt. 353, 357, 67 Atl. 828; *Currier* v. *King*, 81 Vt. 285, 291, 69 Atl. 873; *Goodwin* v. *Barre Savings Bank & Trust Co.*, 91 Vt. 228, 234, 100 Atl. 34; *Thompson* v. *Fairbanks*, 196 U. S. 516, 49 L. ed. 577, 25 Sup. Ct. 306. So the plaintiff's lien was unaffected by adjudication in bankruptcy. *Metcalf Bros. & Co.* v. *Barker*, 187 U. S. 165, 47 L. ed. 122, 126, 23 Sup. Ct. 67, and he is entitled to prosecute his action for the purpose of realizing on the property attached. *Currier* v. *King*, 81 Vt. 285, 290, 69 Atl. 873.

██ We need not stop to inquire whether or in what circumstances the trustee would be entitled to a stay, for he has not asked for one, and it is settled that the mere suggestion in the record of the defendant's bankruptcy did not operate as one. *McGowan* v. *Bowman*, 79 Vt. 295, 299, 64 Atl. 1121.

The plaintiff sued for a balance due on an account for oil and gas sold to the defendant. At the trial the accuracy of the account as presented by the plaintiff was admitted; but the defendant claimed an offset on account of leakage from the gas tank furnished by the plaintiff. Evidence tending to establish such a loss was admitted subject to exception, and the court

charged the jury that it was the duty of the plaintiff, after it had notice of a claimed defect in the tank, to inspect it and repair it, and, in effect, that the plaintiff would be liable to the defendant for the loss suffered by such leakage. To this instruction the plaintiff excepted.

The verdict was for a balance due the defendant and the plaintiff charges error. It appeared at the trial that the tank in question was furnished and installed by the plaintiff under a written contract signed by the parties, which was introduced in evidence by the defendant. By the third paragraph of this instrument, it is provided that the defendant shall "exonerate and save harmless" the plaintiff from all losses or damages caused by or resulting from the installation or condition of the equipment furnished by the plaintiff, or from leakage of or from the same, whether due to negligence or otherwise. It is quite apparent that the risk of leakage was thus assumed by the defendant. The word "exonerate" means to *relieve*, to *exculpate*. Webster's New Int. Dic., to *discharge*, to *exempt*. *Bannon* v. *Burnes* (C. C.), 39 Fed. 892, 898. It was error to admit the evidence of leakage, to give the instruction referred to, and to submit the question of leakage to the jury. The judgment must be reversed, but the case will not have to be remanded, as enough appears by the record to show what the judgment should be. *Martin* v. *Rutledge*, 94 Vt. 258, 262, 110 Atl. 222.

*Judgment reversed, and judgment for the plaintiff to recover the sum of $51.64, with interest from March 19, 1929, the date of the verdict below, and costs.*

NOTE.—When this case was submitted it was assigned to MR. JUSTICE WILLCOX. At the May Term, 1930, it was reassigned to the Chief Justice.