STANLEY PATCH *v.* CHAUNCEY LATHROP.

(70 A2d 605)

November Term, 1949.

Present: SHERBURNE, C.J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed January 3, 1950.

*Edwards and Bigelow* for the defendant.

*Natt L. Divoll, Jr.* for the plaintiff.

BLACKMER, J. This is an action of replevin in the statutory form alleging, that the defendant unlawfully and without justifiable cause took tables and chairs of the plaintiff and unlawfully detained them. The defendant was deputy sheriff holding the property by virtue of an attachment in favor of a certain R. Lemon. The defendant pleaded the general denial, the case was heard by the court, and findings of fact were filed. Thereafter the court filed an order in the following form:

### JUDGMENT ORDER

Upon consideration of the Findings of Fact on file in this cause and facts brought out at a further hearing of said cause after filing of the Findings of Fact, the Court finds that the goods involved in the replevin proceedings in this action have been paid for in an action brought by R. Lemon against the plaintiff, Stanley Patch, and so there should be no order for the return of the goods. The Court further finds that the defendant, Chauncey Lathrop, is entitled to costs from the plaintiff in the sum of Thirty Dollars.

The defendant excepted to this order, and claims that it is not a proper judgment for him in that it does not determine whether the defendant did or did not unlawfully and without justifiable cause take the goods and chattels of the plaintiff, nor whether the defendant did or did not unlawfully detain the same.

It is apparent that the trial court intended a judgment. The heading so indicates, likewise the recital that it is predicated upon findings of fact. Moreover, the direction that there should be no return indicates an attempted final disposition; V. S. 1976, Rev. of 1947, requires the court upon abatement, dismissal, nonsuit, default or trial to make such an order for the return of the goods as is just. The question is whether the order is sufficient to stand as a judgment.

It appears from the record that this action was brought under V. S. 1963 (I), Rev. of 1947, which provides that an action of replevin may be maintained when goods are unlawfully taken or unlawfully detained. V. S. 10,610, Rev. of 1947, specifies forms of writs, and provides that they shall be adopted and used, as near as the circumstances will permit. Form 12 of the same statute enacts that a writ of replevin shall allege that the defendant "unlawfully and without any justifiable cause, took the goods and chattels of the said (plaintiff) as aforesaid, and them unlawfully detained, and still detains." It follows that the taking and the detention are the two vital issues in an action of replevin, and that the judgment must dispose of them.

The order filed by the court makes two findings of fact, i.e., that the goods have been paid for in an action brought by R. Lemon against the plaintiff and that the defendant is entitled to costs from the plaintiff in the sum of thirty dollars. In addition it adjudicates that there should be no order for a return of the goods, pursuant to the mandate of V. S. 1976, Rev. of 1947, but the matter of a return is a different thing from that of the defendant's liability or lack of it. *James Smith Woolen Machine Co.* v. *Holden,* 73 Vt 396, 398, 51 A 2; *Hotchkiss* v. *Ashley,* 44 Vt 195, 199. The order does not determine the rights of the parties on the primary statutory issues, and is to that extent, as claimed by the defendant, erroneous. 49 CJS Judgments, Sec. 21. A reversal is required.

Nevertheless, it does not follow that the case must be remanded. The defendant's counsel stated in argument that the defendant would have been satisfied below with a definitive judgment in his favor. The plaintiff's entire brief and argument are addressed to upholding the order as filed as a valid judgment dismissing the case and assessing costs against him. This is conclusive that he is satisfied that it be so treated, and that he is satisfied with its substance.

Under these circumstances we have the authority to modify the judgment order here in such manner as to obviate the defendant's objection by finally deciding the rights of the parties on the issues in favor of the defendant. *Poor* v. *Woodburn & Farr,* 25 Vt 234, 239; *Standard Oil Co. of N. Y.* v. *Stevens,* 103 Vt 1, 4, 151 A 507; *Manatee Loan & Mortgage Co.* v. *Manley's Est.,* 106 Vt 356, 366, 175 A 14. It is for the best interest of both

parties so to do, and thus end a litigation which has been sufficiently protracted, and especially since the error is an inadvertence in drawing the judgment order. 3 Am Jur, Appeal & Error, Sec. 1170, note 1.

The defendant briefs a claim that the court failed to find enough facts to render any judgment other than to dismiss the case. Since we have indicated above that dismissal will be the end result, it is unnecessary to consider this point.

He also claims, and briefs, that the findings contained in the judgment order are error because there is no supporting evidence in the transcript, nor entry of judicial notice. As to the finding of payment, he has conceded the payment during argument here. The findings previously filed show that the suit of R. Lemon against this plaintiff went to judgment in favor of R. Lemon for the full amount found due him for the tables and chairs here in dispute, and that execution had issued. The inference is irresistible that the payment was, and is, in satisfaction of that judgment. So far as the finding as to costs is concerned, costs are ordinarily taxed, under our practice, by the Clerk of the County Court, County Court Rule 33 (1946), although no reason is apparent under V. S. 10,537 why the County Court could not perform this ministerial task if it so desired. The proceedings relative to the taxation of costs customarily do not appear in the transcript. Nor is any principle of judicial notice involved. Error is not made to appear.

*Judgment reversed. Judgment that the plaintiff's writ and declaration are dismissed, and that defendant recover his costs below in the sum of Thirty Dollars. Let plaintiff retain possession of the goods and chattels replevied.*