1998 ME 104

**Lee POLAND**

v.

**Anita WEBB.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 17, 1997.

Decided May 13, 1998.

Steven D. Silin, Paul F. Macri, Berman & Simmons, P.A., Lewiston, for plaintiff.

James Brett Main, Platz & Thompson, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Lee Poland appeals from the judgment entered in the Superior Court (Knox County, *Marsano, J.*) in favor of Anita Webb on his complaint against her for damages

resulting from an automobile accident. Poland contends that the court erred by improperly instructing the jury regarding multiple causation, aggregate injury, and the distinction between a preexisting injury and a preexisting condition. Poland also contends that the jury's finding that he suffered no injury as a result of the accident is irrational and should be set aside. Finally, Poland contests the award of costs to Webb. We find no error in the jury instructions or the jury verdict. We do, however, find error in the award of costs, and remand for a reconsideration of that limited issue.

[¶ 2] On August 16, 1993, Webb lost control of her car and as a result it struck another car stopped at a stoplight. That second vehicle was propelled by the force of the impact into a third, which in turn was propelled into a fourth vehicle. Poland's vehicle, which was struck by the fourth vehicle, suffered minor damage to its rear bumper.

[¶ 3] At the time of the collision Poland was sitting in the front passenger seat turned toward his wife, who was driving. The impact pushed both Poland and his wife into the dashboard of their vehicle. Poland immediately left his vehicle to check on the condition of the occupants of the other vehicles. Shortly thereafter an ambulance arrived. Poland complained to the emergency medical technicians of neck and lower back pain. The ambulance took Poland and Webb to Penobscot Bay Medical Center, where Poland was examined, x-rayed, and released with instructions to rest and follow up with his regular physician. According to the emergency room physician, Poland was fully ambulatory in the emergency room and did not complain of any numbness or loss of strength in his extremities.

[¶ 4] In his complaint Poland alleged that Webb was negligent and liable for his injuries that he attributed to the accident. Webb admitted negligence but disputed the issue of causation. Evidence at trial indicated that Poland had a long history of back problems that left him with chronic pain of varying intensity. Poland had suffered through a bout of this acute pain only three weeks before the accident.

[¶ 5] The jury found that Webb did not cause any injury to Poland. Poland filed a motion for a new trial, challenging the court's jury instructions. Webb subsequently filed a motion for costs in the amount of $3,725. The court denied Poland's motion for a new trial and ordered Poland to pay $2,725 of Webb's costs, after reducing the fee charged by one of Webb's expert witnesses. Poland challenges both of these rulings.

### Jury Instructions

[¶ 6] Poland contends that the court's jury instruction on proximate cause was inadequate. After the trial court gave an instruction on proximate cause, Poland requested an amplification of that instruction, in particular, an explanation of the concept of multiple proximate cause. The court refused Poland's request. "As long as the instructions are 'substantially correct and the legal situation is made clear to the jury' the decision not to amplify an instruction is reviewed only for abuse of discretion." *Rich v. Fuller*, 666 A.2d 71, 76 (Me.1995) (quoting *Pelkey v. Canadian Pac., Ltd.*, 586 A.2d 1248, 1251 (Me. 1991)). The trial court's proximate cause instruction followed the law and correctly set forth the requirement for a finding of a causal link between Webb's negligence and Poland's injury. The instruction did not imply that Poland had to prove Webb's negligence was the sole cause of the injury; rather, the court instructed the jurors that her negligence must only play "*a* substantial part" in the injury. (Emphasis added.)

[¶ 7] Furthermore, Poland's contention that a multiple proximate cause instruction was required is not supported by the facts of the case. Proximate cause normally refers to an act or a failure to act that has a causal relation to an injury. *See Shaw v. Bolduc*, 658 A.2d 229, 235 (Me.1995) (affirming jury instructions that stated that "damage is proximately cause[d] by an act or failure to act"). Although there were surely other causes for Poland's back injury, the only malfeasance or nonfeasance alleged that could rise to the level of a proximate cause of Poland's injury was Webb's breach of duty when she hit the line of cars. There was no evidence that another act or failure to act

coincided with Webb's negligence to result in injury to Poland. Thus, we conclude that the court acted within the bounds of its discretion when it declined to amplify its instructions on proximate cause.

[¶ 8] Poland also contends that some of the court's jury instructions were misleading and confusing. The court gave an instruction regarding an aggregate injury and the apportionment of damages based on our opinion in *Lovely v. Allstate Insurance Company*, 658 A.2d 1091 (Me.1995). According to Poland, these instructions were confusing because they created the impression that Poland had the burden of proof on an apportionment, permitted the jury to decide that Webb was not responsible for any aggravation if she did not cause a new injury, and focused needlessly on the difference between a preexisting injury and a preexisting condition.

[¶ 9] Admittedly, the court's initial instructions to the jury concerning aggregate injury and apportionment were confusing. The court did, however, revisit those issues later in its instructions, and did so in a clear and correct statement of the prevailing law, consistent with *Lovely*.[1] Further, the court's instruction regarding the distinction between a preexisting injury and a preexisting condition were appropriate given the evidence presented at the trial.

## Jury Verdict

■■ [¶ 10] Poland contends for the first time on appeal that the jury verdict was irrational. According to Poland, the evidence compelled the jury to find that at least his trip to the hospital constituted damage, and thus provided some basis for a recovery. We

review a jury verdict in the light most favorable to the verdict and will order a new trial only if it is not supported by any rational explanation. *See Shaw v. Bolduc*, 658 A.2d at 236.

■■ [¶ 11] The jury determined that Webb caused no damage to Poland. Issues of causation are questions of fact for the jury and must be supported by credible evidence. *Ames v. Dipietro–Kay Corp.*, 617 A.2d 559, 561 (Me.1992). There was ample evidence at trial to support a finding that the accident did not cause any exacerbation of Poland's preexisting back injury or cause any new injury. Given the fact that the jury concluded that Webb caused no physical injury to Poland, it takes no great inferential leap to conclude that the jury also determined that the costs and inconvenience Poland experienced because of his trip to the hospital were not proximately caused by Webb. The question whether the accident caused Poland to go to the hospital presents a credibility issue for the jury's determination. The credibility of a witness is within the exclusive province of the factfinder. *McCarthy v. U.S.I. Corp.*, 678 A.2d 48, 52 (Me.1996). The failure to award damages may reflect the jury's determination that Poland's testimony that the amount of pain he felt after the accident necessitated a trip to the hospital simply was not credible.

## Award of Costs

■■ [¶ 12] Poland contends that the court erred in its award of costs to Webb. We review the decision of the court to award costs for an abuse of discretion. *Boudreau v. Manufacturers & Merchants Mut. Ins. Co.*, 588 A.2d 286, 289 (Me.1991). The

1. The court instructed the jury as follows:
   On the other hand, if the plaintiff had a chronically painful body part because of a previous injury and if an accident exacerbates, that is worsens the pain, then there may be an issue of apportionment between the old and the new pain.
   Initially, as I told you, the plaintiff must prove his case to you by a preponderance of the evidence and the defendant is not responsible for any preexisting problems that you find worsened independently of the accident, nor for any problems that you find did not result from the accident.

   But if you find that there was an aggregate injury, then the defendant has the burden of proof by a preponderance of the evidence to prove what portion of the resulting pain and suffering resulted from which accident or condition. Unless the defendant does that, then the defendant is liable for the entire aggregate injury, and that is because a single injury exists when a negligent actor by aggravating a preexisting injury or condition produces an aggregate injury which is incapable of apportionment.

court's discretion to award costs is defined by rule [2] and statute.[3]

◼ [¶ 13] Poland first asserts that, given the wide disparity in financial resources between himself and the insurance company defending Webb, the court should have exercised its discretion and denied Webb any of her costs. Moreover, Poland asserts that no public policy is served by awarding costs to Webb. Although 14 M.R.S.A. § 1502–D permits the court to consider the financial hardship suffered by a party through the imposition of costs, it does not require the court to consider the relative economic wherewithal of the parties when making that decision. Nothing in the rules or statutes noted above mandate that the court consider public policy when determining whether to award costs.

◼ [¶ 14] Among the items on Webb's bill of costs is a payment by Webb of $250 to Poland's doctor as a fee for his deposition. There is no statutory or rule support for the award of this cost. Expert witness costs are addressed in 14 M.R.S.A. § 1502–C and 16 M.R.S.A. § 251. Those statutory provisions authorize only fees that are directly related to attendance at trial. Deposition costs are governed by M.R. Civ. P. 54(g). Expenses potentially subject to an award of costs pursuant to that rule do not include a fee charged by a witness for attendance at a deposition. Therefore the court did abuse its discretion by awarding this particular cost to Webb. *See McCarthy v. U.S.I. Corp.*, 678 A.2d at 54 (error to award party costs related to expert fees and expenses that were not associated with attendance at trial).

[¶ 15] Webb's bill of costs also included $350 for a records review and $2,075 for preparation for trial, attendance at trial, and travel time for another expert witness. In granting Webb's motion, the court reduced the allowable costs by $1,000, without specifically allocating the reduction to the expert's

2. M.R. Civ. P. 54(d) states: "Costs shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs." Subsection (g) addresses the costs of depositions, and states in relevant portion:

The taxing of costs in the taking of depositions shall be subject to the discretion of the court.... Taxable costs may include the cost of service of subpoena upon the deponent, the reasonable fee of the officer before whom the deposition is taken, the stenographer's reasonable fee for attendance, and the cost of the original transcript and one copy of the testimony or such part thereof as the court may fix.

3. 14 M.R.S.A. § 1502–B (Supp.1997) provides:
The following costs shall be allowed to prevailing parties in civil actions unless the court otherwise specifically directs:
   1. **Filing fees.** Filing fees paid to the clerk;
   2. **Fees for service of process.** Fees paid for service of process and other documents served by a sheriff, deputy, constable or others authorized by law;
   3. **Attendance fees and travel costs paid to witnesses.** Attendance fees and travel costs of witnesses as allowed by Title 16, section 251 or other laws;
   4. **Travel expenses.** Reasonable expenses of travel within the State to the place of trial for the prevailing party or his attorney of record, as provided by rule of the Supreme Judicial Court, or as directed by court, in the absence of that rule; and
   5. **Other costs.** Such other costs as the Supreme Judicial Court may direct by rule.
14 M.R.S.A. § 1502–C (Supp.1997) provides:

In addition to other costs allowed to the prevailing party, the court may include as costs, in such amounts as it considers just and reasonable, any of the following items:
   1. **Reasonable expert witness fees and expenses.** Expert witness fees and expenses, as allowed by Title 16, section 251;
   2. **Cost of medical reports.** The cost of reasonable medical reports, not including costs of the examination or treatment of a patient, which are prepared for the purpose of litigation and which are exchanged by the parties;
   3. **Visual aids.** The reasonable costs of charts, diagrams, photographs and other visual aids necessary for clear understanding of the case by the court or jury not to exceed $500;
   4. **Costs of depositions.** Costs in the taking of depositions as allowed by rule of the Supreme Judicial Court or by other law; and
   5. **Other costs.** Such other costs as the Supreme Judicial Court may allow by rule.
14 M.R.S.A. § 1502–D (Supp.1997) provides in relevant part that "[i]f the presiding judge determines that the imposition of costs will cause a significant financial hardship to any party, the judge may waive all or part of the costs with respect to that party."
16 M.R.S.A. § 251 (Supp.1997) provides in relevant part that "[t]he court in its discretion may allow at the trial of any cause, civil or criminal, in the Supreme Judicial Court, the Superior Court or the District Court, a reasonable sum for each day's attendance of any expert witness or witnesses at the trial, in taxing the costs of the prevailing party."

various activities. Some of these costs, in particular the expense for records review and travel time, are not permitted pursuant to 16 M.R.S.A. § 251. We assume that the court found for the prevailing party on all factual issues necessary to support its decision, and our review is limited to whether those assumed findings are supported by the record. *Fitzgerald v. Gamester*, 658 A.2d 1065, 1070 (Me.1995). The court apparently recognized that some of the costs associated with the expert's participation at trial were not permitted by statute. Absent any indication to the contrary, we assume that the court awarded those costs that were appropriate and did not award those costs that were inappropriate, and we decline the opportunity to substitute our judgment for that of the trial court.

■ [¶ 16] Poland's final contention is that the court erred when it awarded costs to Webb for her travel to the place of trial, and lodging expenses for both Webb and her counsel during the trial. Costs of lodging are not recoverable pursuant to any rule or statute. A prevailing party's expenses of travel to the place of trial, however, are recoverable pursuant to 14 M.R.S.A. § 1502–B(4). The court abused its discretion only insofar as it awarded Webb the costs of her and her counsel's lodging during trial.

The entry is:

Judgment affirmed. Award of costs vacated, and remanded for revision consistent with the opinion herein.

