STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 FEB 13 P 3: 11

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-595

TDW - CUM - 2/13/2004

KURT PARKS,

       Plaintiff

v.

ORDER

JOSEPH GUITE, et al.

       Defendants

DONALD L. GARBRECHT
LAW LIBRARY

MAY 12 2004

On plaintiff's bill of costs and demand for interest, the court's recollection is that plaintiff's brother was not permitted to testify as an expert but only as a fact witness, and the court will disallow plaintiff's request for expert witness fees on his behalf.

In addition, Dr. Leonard was the defendant's expert, and the court is not aware of any basis on which plaintiff would be entitled to costs for amounts paid to Dr. Leonard. The court does not recall whether plaintiff took Dr. Leonard's deposition. If he had, he would be entitled to the cost of the deposition transcript but would not be entitled to recover any fee he paid to Dr. Leonard in connection with that deposition. See Poland v. Webb, 1998 ME 104, ¶14, 711 A.2d 1278, 1281.

With respect to the $2450 in expert fees sought for Dr. Phillips, plaintiff is entitled to reasonable fees for the time Dr. Phillips spent testifying at trial but is not entitled to fees for preparation or consultation time. Id. Because the bill of costs does not specify how much trial testimony time is involved and does not specify Dr. Phillips's hourly rate for such testimony, that part of the bill of costs is also disallowed without prejudice to plaintiff's submission of a renewed request for costs as to Dr. Phillips.

At this time, therefore, the court will award plaintiff costs of $2459.14.

Finally, on the subject of prejudgment and post judgment interest, judgment was entered on December 16, 2003. Plaintiff is entitled to prejudgment interest at 3.21% from November 21, 2002 to December 16, 2003 on the $908,000 verdict. By the court's calculations, that comes to $31,143.05.

The court is not aware of any authority supporting plaintiff's request that post-judgment interest be calculated on an amount consisting of the verdict plus prejudgment interest. Accordingly, post judgment interest shall run from December 16, 2003 at a rate of 7.53% on the judgment amount of $908,000 only.

The entry shall be:

Costs of $2459.14 awarded to plaintiff. Plaintiff is entitled to prejudgment interest of $31,143.05. Postjudgment interest at 7.53% shall run from December 16, 2003 on the $908,000 judgment. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February 12, 2004

Thomas D. Warren
Justice, Superior Court

2

STATE OF MAINE
CUMBERLAND, ss



STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 FEB 13 P 3: 11

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-595

KURT PARKS,

        Plaintiff

v.

                                 ORDER

JOSEPH GUITE, et al.

        Defendants

Before the court is defendants' motion for a new trial or in the alternative for remittitur.[1]

1. Excessive Verdict

Defendants first argue that the jury verdict was excessive. A new trial can only be awarded on that ground if the amount of damages awarded cannot rationally be supported by the evidence. See Walter v. Wal-Mart Stores, Inc., 2000 ME 63 ¶35, 748 A.2d 961, 973 (evidence must be construed in the light most favorable to the jury verdict, and a damage award will not be overturned unless it is without rational explanation).

In this case plaintiff offered evidence of medical bills totaling $23,500, lost income of $53,000 from the date of the accident up to trial, and future medical expenses totaling $160,000. Plaintiff also offered evidence from which the jury could have concluded that he had suffered a permanent impairment, that he was experiencing considerable ongoing pain, including a chronic pain syndrome, as a result of the accident, that he had

---

[1] The issue on this motion is whether or not defendants are entitled to a new trial on the ground that the damages were excessive. Remittitur only becomes an issue if a new trial would otherwise be granted. See M.R.Civ.P. 59(a) (a new trial shall not be granted on the ground that the damages awarded are excessive unless the prevailing party has first been given an opportunity to remit the portion of the damages found to be excessive)

been advised that surgery was not a viable option, and that the pain would likely continue for the remainder of his 40 year life expectancy. Plaintiff also offered evidence that he had to give up most or all of the physical activities he had previously enjoyed and that the pain he was experiencing had resulted in significant personality changes, anxiety, sleeplessness, and depression.

While an award of $671,500 for pain, suffering, loss of enjoyment of life, and permanent impairment under the circumstances of this case is undoubtedly high, the court cannot conclude that, when the evidence is considered in the light most favorable to the verdict, the award is without rational explanation so as to require a new trial. See Walter v. Wal-Mart Stores, Inc., 2000 ME 63 ¶36, 748 A.2d at 973.

Defendants also argue that a new trial is required because of potential jury confusion. Jury confusion may be grounds for a new trial. Walker v. MaineGeneral Medical Center, 2002 ME 46 ¶18, 792 A.2d 1074, 1079. Defendants suggest that the jury confusion in this case arose because the jurors may have been awarding plaintiff damages representing lost future income even though the court had ruled that a claim for lost future income was barred due to a discovery violation.

To adopt the suggestion that the jury was confused as to whether it could award damages for lost future income, the court would have to find that the jury disregarded the court's instructions at the conclusion of the evidence. Those instructions stated in pertinent part,

> You may not award any damages for future lost earnings or income. Under the circumstances of this case, damages for lost earnings are limited to the period from the date of the collision to the present.

In addition, the instruction with respect to permanent impairment also reiterated that the jury was not permitted to award damages for future lost income. The court has no basis on which to conclude that the jury did not follow these instructions.

2

## 2. Comparative Negligence

Repeating an argument they made at trial, defendants argue that the issue of comparative negligence should have been submitted to the jury. On this issue, the court adheres to its ruling at trial and sees no need to elaborate further upon the reasons stated on the record at trial.

## 3. Improper Causation Instruction

Defendants finally argue that the instructions on causation were improper. In the court's view, the instructions with respect to causation do not warrant a new trial. It was not disputed that some injury had resulted from the accident, and no reasonable jury could have found to the contrary. The issues in dispute were how much injury had plaintiff sustained and to what extent that injury was caused by the accident.

On these issues the jury was first informed that, while it had been established that the collision had caused injury to plaintiff,

> [w]hat is disputed in this case are (1) how much and to what extent the February 3, 2001 collision caused injury to Kurt Parks and (2) the amount of monetary damages that Kurt Parks should be awarded for damage or injuries caused by the collision. Except as specifically noted, plaintiff has the burden of proof on these issues.

The jury was also given a full causation instruction which read as follows:

> I mentioned above that damages should be awarded for those injuries that are proven to have been caused by the February 3, 2001 collision. On this issue plaintiff has to prove by a preponderance of the evidence that the February 3, 2001 collision was a legal cause of any injury or damage for which you award damages.
>
> An injury or damage is legally caused by an act, or by a failure to act, whenever the act or failure to act played a substantial part in bringing about or actually causing the injury or damage and the injury or damage was either a

3

direct result or a reasonably foreseeable consequence of the act or failure to act.

This is what is meant by the terms "cause" and "legal cause." As used in these instructions and on the jury verdict form, injuries or damages "caused by" the February 3, 2001 collision mean injuries or damages for which the February 3, 2001 collision is or was a legal cause. If you find that plaintiff has not proven by a preponderance of the evidence that any particular loss or injury was caused by the February 3, 2001 collision, you should not award any monetary damages for such loss or injury.

Under these circumstances, the court has no basis to conclude that the jury was confused or improperly instructed on the issue of causation.

The entry shall be:

Defendants' motion for new trial or in the alternative for remittitur is denied.. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February 12, 2004

Thomas D. Warren
Justice, Superior Court

4

DANIEL LILLEY ESQ
PO BOX 4803
PORTLAND ME 04112

NANCY MACIROWSKI ESQ
PO BOX 7109
PORTLAND ME 04112