2000 ME 111

Patricia LANDIS

v.

HANNAFORD BROTHERS CO.

Supreme Judicial Court of Maine.

Submitted on Briefs April 14, 2000.

Decided June 15, 2000.

David F. Szewczyk, William E. Macdonald, Macdonald Chase & Szewczyk, Bangor, for plaintiff.

Frederick F. Costlow, Richardson, Whitman, Large & Badger, P.C., Bangor, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Hannaford Brothers Co. (Hannaford) appeals from a judgment of the Superior Court (Hancock County, *Mead, C.J.*) granting Patricia Landis certain costs associated with litigation between the parties. On appeal, Hannaford contends that the court erred in awarding fees because

Landis was not the prevailing party, and in the alternative contends that the amount awarded was improper because the court failed to offset the award by medical expenses prepaid by Hannaford under 24–A M.R.S.A. § 2426(2) (2000), and improperly included fees charged by an expert witness. Finding no preserved error, we affirm the judgment.

[¶ 2] The facts are not in dispute. In 1996, Patricia Landis slipped on a wet floor in the Ellsworth Shop 'n Save, damaging her knee. Landis filed suit, claiming the injury was the proximate cause of Hannaford employees' failure to properly mop up the floor. After a trial, the jury retired to consider its verdict. During its deliberations, the jury asked the presiding justice to inform it what amount Hannaford had already paid toward Landis's medical expenses. Although it is not clear from the record, the parties agree that the trial justice instructed the jury that it should not concern itself with this question. The jury then requested a read-back of certain testimony that included an account of Hannaford's payments to Landis for her injury, and this testimony was read to the jury. The testimony was that Hannaford had already paid approximately $6000 to Landis to cover the cost of surgery.[1]

[¶ 3] The jury returned a verdict finding Hannaford negligent, but awarded no damages. The jury verdict form reflected that the eight-member jury found as follows:

Hannaford was negligent:  8–0

Hannaford's negligence was the proximate case of Landis's injury:  6–2

Landis was not negligent:  7–1

Zero ($0) awarded as compensation for injuries:  8–0

Judgment was entered in accordance with the verdict. There is no dispute with respect to the jury's verdict.[2]

[¶ 4] Landis submitted a bill of costs. Hannaford objected on the grounds that Landis had not "prevailed," and that in any event it was entitled to offset the amounts it had already paid Landis, which exceeded her costs, under 24–A M.R.S.A. § 2426. In addition, Hannaford specifically objected to the inclusion of certain costs, including the cost of the deposition of a Dr. Kuffler (who did not testify at trial), but did not object to the inclusion of the cost of the deposition of a Dr. Mainen. After considering briefs regarding the interpretation of the statute, the court awarded costs to Landis in full with the exception of an $18 charge for mileage involving Landis's counsel's attendance at the trial management conference. Hannaford then filed this appeal.

I.

[¶ 5] Rule 54 of the Maine Rules of Civil Procedure provides that "[c]osts shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs." M.R. Civ. P. 54(d).

[¶ 6] In *Dodge v. United Services Automobile Association*, 417 A.2d 969 (Me. 1980), we articulated a "functional analysis" for determining who is the prevailing party for Rule 54(d) purposes. *Id.* at 974–75. In order to determine who has prevailed, the trial court "must look at the lawsuit as a whole to determine which party was the 'winner' and which the 'loser.'" *Id.* at 975. Although not explicitly

1. This evidence was solicited on cross-examination by Landis's attorney, without objection by Hannaford.

2. Landis speculates in her brief that the jury awarded her no damages because it took into account the amount she had already received. Although this conclusion is not unlikely, it is, nevertheless, speculative. Hannaford suggests, among other things, that the zero damage award might be attributable to the disagreement between jury members regarding proximate cause and Landis's own negligence, but this too is speculative.

stated in *Dodge*, the nature of this inquiry is essentially one of fact. If the court is to look at the lawsuit "as a whole," the trial court justice is in the best position to apply this test. Accordingly, we review that court's determination of who is the prevailing party for clear error.[3] *See Robards v. Cotton Mill Assocs.*, 1998 ME 157, ¶ 10, 713 A.2d 952, 955; *Hicks v. City of Westbrook*, 649 A.2d 328, 329 (Me.1994).

█ [¶ 7] Hannaford contends that, when viewing the lawsuit as a whole, Landis was not the prevailing party because she received no award of damages. Hannaford would have us apply a bright-line rule. Notwithstanding Hannaford's claim that the trial court did not apply the "functional analysis" test, Hannaford effectively suggests that the single fact that no damages were awarded prevents a finding that Landis prevailed when viewing the lawsuit "as a whole." We have addressed this issue previously.

> That she [the plaintiff, Eileen] cannot recover from Hall [the defendant] on the judgment because she has been compensated through a settlement may be Hall's good fortune but should not negate what Eileen has obtained—a determination that Hall's negligence resulted in harm or injury to Eileen, that injury being the loss of a viable cause of action. Eileen is entitled to her costs.

*Hoitt v. Hall*, 661 A.2d 669, 674 (Me.1995). " '[T]he determination of a successful party . . . is to be based upon success upon the merits, not upon damages.' " *Id.* (quoting *Perez v. Baker Packers, a Div. of Baker Int'l Corp.*, 694 S.W.2d 138, 143 (Tex.App. 1985)). Thus, a lack of a monetary award to a party does not necessarily preclude a determination that the party has prevailed.

[¶ 8] Here, although Landis was not awarded damages, the trial justice could reasonably conclude that she nevertheless prevailed in the lawsuit. The jury determined 8 to 0 that Hannaford was negligent, and 6 to 2 that this negligence proximately caused her injury. In addition, the jury found 7 to 1 that Landis was not negligent. Given these conclusions by the jury on the merits and Hannaford's prior payment to Landis, we cannot say that the court's conclusion that Landis had prevailed was clearly erroneous.

## II.

█ [¶ 9] Hannaford contends that it should be able to offset any costs it may be ordered to pay Landis against payments it has already made to her for her injury under 24–A M.R.S.A. § 2426. The interpretation of a statute is a question of law and is reviewed de novo. *See Cook v. Lisbon Sch. Comm.*, 682 A.2d 672, 676 (Me.1996).

[¶ 10] In its entirety, section 2426 provides:

**Advance payments**

1. *No payment or payments made by any person*, or by his insurer by virtue of an insurance policy, *on account of bodily injury or death or damage to or loss of property of another*, shall constitute an admission of liability or waiver of defense as to such injury, death, loss or damage, or be admissible in evidence in any action brought against the insured person or his insurer for damages, indemnity or benefits arising out of such injury, death, loss or damage unless pleaded as a defense to the action.

2. *All such payments shall be credited* upon any settlement *with respect to the same damage, expense, or loss* made by, or upon any judgment rendered therefor in such an action against, the payor or his insurer; and in favor of any person to whom or on whose account payment was made.

24–A M.R.S.A. § 2426 (emphasis added). Stated simply, costs are not "on account of

---

3. Our review of such a finding in *Dodge* was performed with considerable deference. *See*

*id.*

bodily injury or death or damage to or loss of property." Rather, costs are "on account of the lawsuit." Thus, costs are not "with respect to the same damage, expense, or loss."

[¶ 11] Moreover, we disagree with Hannaford's contention that not allowing an offset against costs does not advance the policy of the statute. Although not explicitly stated, it seems clear that the statute is in place to encourage the payment of damages while a matter remains in dispute. The provision, however, does not allow for the payor to be reimbursed in the event the damages are ultimately less than what has already been paid out. A defendant or potential defendant already runs the risk that it may prepay in excess of a settlement or award of damages (before the issue of costs even enters the mix). Hannaford's claim that not allowing an offset against costs is contrary to the policy behind the statute is unpersuasive.

[¶ 12] In sum, section 2426 is concerned with encouraging defendants to prepay actual damages. It is unrelated to costs, and the court did not err when it found that Hannaford was not entitled to offset the costs awarded against the amount it had already paid to Landis.

### III.

[¶ 13] Finally, Hannaford contends that the fee charged by Dr. Mainen for attending a deposition is not allowable in Landis's bill of costs because Dr. Mainen testified at trial. Hannaford is correct that the cost of an expert witness for attending a deposition is not allowable. *See Poland v. Webb,* 1998 ME 104, ¶ 14, 711 A.2d 1278, 1281. We have repeatedly held, however, that where an issue has not been properly preserved, we will not consider it on appeal. *See Irving Oil Corp. v. Maine Aviation Corp.,* 1998 ME 16, ¶ 5, 704 A.2d 872, 874 (holding we will not review an issue that is not preserved, even

if it is of constitutional dimension). Hannaford did not specifically object to the inclusion of Dr. Mainen's deposition fee. Thus, because Hannaford did not properly object, it has failed to preserve the issue in this appeal.[4]

The entry is:

Judgment affirmed.

Mainen's deposition fee and provide a basis for the court to disallow it.

---

4. Hannaford contends that it "did file a timely objection to the Bill of Costs." Hannaford did not, however, object to the cost of Dr.