STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-025
*RAC-AND - 7/3/2000*

ROBERT VALENTINE *et al*,

Plaintiffs

v.

TOWN OF GREENE *et al*.,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

JUL 18 2000

DECISION AND ORDER

RECEIVED & FILED
JUL 03 2000
ANDROSCOGGIN
SUPERIOR COURT

FACTS

This matter is before the Court on Plaintiffs' and Defendants' Motion for Attorneys' Fees. Plaintiffs are incumbent members of the Town of Greene Planning Board who were popularly elected to their positions. Defendants are incumbent members of the Board of Selectmen of the Town of Greene. Resident and former Town Selectman Barbara Bubier initiated a petition to recall Plaintiffs pursuant to the Town's Recall Ordinance. In her supporting affidavit, Ms. Bubier alleged that Plaintiffs had a conflict of interest which impacted their official capacities on the Planning Board. A recall election was set for November 2, 1999.

On September 27, 1999, Plaintiffs filed a complaint pursuant to M.R.Civ.P. 80B together with a motion for a stay, or in the alternative, for a preliminary injunction. In the first count of their Complaint, Plaintiffs alleged that Defendants were not in

1

compliance with the terms of the Recall Ordinance.[1]

The second count of Plaintiffs' Complaint alleged that Defendants acted in violation of Title 42 U.S.C. § 1983 where the Recall Ordinance was unconstitutional on its face. Without having a vote to effectuate a recall, the Ordinance purported to bar Plaintiffs from having their names on the ballot. This allegedly violated both the Fourteenth Amendment of the federal constitution and Article I, Section 6-A of the Maine Constitution.

On October 19, 1999 the Court held a hearing on Plaintiffs' motion for a stay/preliminary injunction.[2] At that time, Defendants notified the Court that the Town had miscalculated the number of signatures needed on a recall petition in order to trigger the mandatory scheduling of a recall election pursuant to the Town's Recall Ordinance. On October 21, 1999 the Town formally canceled and removed the recall election from the agenda and it did not take place on November 2, 1999.

Subsequently, the parties reached an agreement that the Rule 80B claim was moot,

---

[1] Specifically, Defendants used blank petitions that were not dated or signed by the Town Clerk. Additionally, the petitions were not issued with the seal of the Town Clerk and did not contain the name of the person to whom such petitions were issued. Contrary to the procedure set forth in the Recall Ordinance, blank petitions were issued in response to an affidavit which combined all of the persons sought to be removed from office. Finally, Plaintiffs alleged that defendants failed to comply with the terms of the Ordinance in that the names and addresses of the circulator(s) were not identified.

[2] In accordance with M.R.Civ. P. 80B(i), on October 6, 1999, Plaintiffs filed a motion to determine the future course of the proceedings. The rationale given was that the Section 1983 claim, as an independent cause of action, was joined with the Rule 80B request for review of governmental action.

In their answer, Defendants pleaded as affirmative defenses that Plaintiffs failed to state a claim upon which relief may be granted; Plaintiffs' claims were barred by the doctrine of qualified immunity; Plaintiffs' claims were not yet ripe for judicial review; the Court lacked subject matter jurisdiction over the complaint; the claims were barred by the statute of limitations, Plaintiffs had adequate remedies under state law and no action lies under Title 42 § 1983; the Maine State Constitution or the U.S. Constitution and that punitive damages were not recoverable.

2

and the Court entered an order on January 4, 2000 dismissing the Rule 80B claim. The Court specifically left open the issue of attorneys' fees pursuant to 42 U.S.C. § 1988. Following the Court's decision, both Plaintiffs and Defendants submitted requests for attorneys' fees.

## DISCUSSION

Plaintiffs have the burden of demonstrating that they are prevailing parties, entitled to costs. M.R.Civ. P 54(d) provides that "[c]osts shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs." Title 42 section 1988 of the United States Code permits the Court to grant attorneys' fees to prevailing parties who enforce federally protected rights.[3]

The Court's determination of who has prevailed is highly fact specific. *See Landis v. Hannaford Brothers*, 2000 ME 111, ¶ 6,----A.2d----,---- . "The nature of this inquiry is essentially one of fact." The Court determines this by "looking at the lawsuit as a whole in order to determine which party was the winner and which the loser." *Id., citing Dodge v. United Services Automobile Association*, 417 A.2d 969, 975 (Me. 1990). Another way of framing the question is to ask: Have Plaintiffs obtained a result through litigation they would not otherwise have obtained? Has any claim of right been vindicated? *See Hoitt v. Hall*, 661 A.2d 669, 674 (Me. 1995),

---

[3] In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. 2000bb et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. 2000d et seq.], or section 13981 of this title,.. [the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs..

3

*citing Perez v. Baker Packers*, 694 S.W.2d 138, 143 (Tex. Ct.App.1985).

Plaintiffs argue that they are the prevailing parties because the litigation was the catalyst for the Town's decision to cancel the recall election. The catalyst theory was set forth in *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978). The Nadeau Court explained that an action is a catalyst only if the outcome is both causally related to an improvement in Plaintiff's condition, *and* the ensuing result is required of the Defendants pursuant to federal law. *Id.* at 281.

Plaintiffs argue in effect that the cancellation of the recall election vindicated their First Amendment right to run for public office. Plaintiffs' rights were allegedly violated when the Town precluded them from having their names listed on the recall election ballots.

Plaintiffs argue that *Mancuso v. Taft*, 476 F.2d 187 (1st Cir. 1973) supports their right to have their names included on the ballot subsequent to a recall election. *Mancuso*, however can be distinguished from the instant case. *Mancuso* involved an entire class of civil servants who were not allowed to run for public office. Here, in contrast, Plaintiffs were not deprived of their right to run for elected office. As incumbent officials, they were already elected and their names were required to be placed on a special recall ballot before they could be removed from their positions. For Plaintiffs to insist that their civil rights would be violated unless their names were also included on a post- recall election ballot unecessarily exalts form over

4

substance.[4]

The Court finds as a matter of law that Plaintiffs do not have a constitutional right to avoid being recalled from office. *See e.g. School Committee of Town of York v. Town of York*, 626 A.2d 935, 945 (Me. 1993) "It is not clear that municipal officials have been granted a comprehensive right to be free from recall." [5] Accordingly, the Court does not find that Plaintiffs are entitled to attorneys' fees.

Additionally, the Court finds that Defendants are also not entitled to attorneys' fees. While Plaintiffs have failed to persuade the Court with their arguments, their claims are not so irrational or meritless as to be deemed frivolous. Accordingly, Defendants' motion for attorneys fees is denied.

---

[4] Plaintiffs also do not have a property interest recognized by state law in retaining their elected offices under the Constitution. Nor do they have a constitutionally protected right to be free from a recall election. *See School Committee of York v. Town of York*, 626 A.2d 935, 943 (Me. 1993).

[5] The Law Court states that "Title 30-A M.R.S.A. § 2533 allows one who claims to have been elected to a municipal office to proceed against another who claims title to the office. Accordingly, the statute applies to persons seeking title after an election, not to recall elections." *See id.*

Wherefore the entry shall be: Plaintiffs' Motion for Attorneys' Fees is Denied.

Defendants' Motion for Attorneys' Fees is Denied.

Date: June 30 , 2000

Roland Cole
Justice, Superior Court

Robert S. Hark, Esq.
David C. Pierson, Esq.
Attorneys for the Plaintiffs

Lee K. Bragg, Esq.
Joan M. Fortin, Esq.
For the Defendants

6