STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| Appeal of Berezniak | } | Docket No. 171-9-03 Vtec |
| (Application of Wager) | } | |

Decision and Order on Post-Judgment (Post-Appeal) Motion for Costs

Appellant David Berezniak appealed from a decision of the Development Review Board (DRB) of the City of Burlington, regarding Appellee-Applicants John and Dena Wager's application to modify the existing Burgess Electric building and to construct a 27-unit affordable housing apartment building on the same property, with associated site improvements, including driveways, parking areas, and landscaping. Appellant was represented by Norman Williams, Esq., who also represented nineteen intervenors; Appellee-Applicants John and Dena Wager were represented by Carl H. Lisman, Esq.; and the City was represented by Kimberlee J. Sturtevant, Esq.

This Court's July 7, 2005 decision ruled in favor of Appellee-Applicants regarding certain elements of the proposal, but denied Appellee-Applicants' application on the basis of issues regarding parking for both buildings, on-site circulation, and design features of the front of the new building. The judgment denying the proposal was made specifically without prejudice to submittal of a revised application or revised designs for an affordable housing or other project on the same property as the Burgess Electric building. Appellee-Applicants appealed to the Vermont Supreme Court; that appeal was resolved by Appellant's unopposed motion to dismiss the appeal. The dismissal order allowed Appellant to seek costs and expenses from the action below through an appropriate motion in the Environmental Court

1

In filing the appeal, Appellant incurred costs of $150 for the Court filing fee.[1]

Vermont Rule of Civil Procedure 54(d) provides that costs "shall be allowed as of course to the prevailing party. . . unless the court otherwise specifically directs." V.R.C.P. 54(d)(1); Peterson v. Chichester, 157 Vt. 548, 553 (1991); and see Patch v. Lathrop, 116 Vt. 151, 154 (1950) (costs awarded to defendant on counterclaim on which defendant had prevailed).

The determination of who is the "prevailing party" for the purposes of Rule 54 is committed to the sound discretion of the trial court, Jordan v. Nissan N. America, Inc., 176 Vt. 465, 473 (2004). We apply the same sort of 'functional analysis' used by the Supreme Judicial Court of Maine in analyzing the identical Maine rule. Landis v. Hannaford Bros. Co., 2000 ME 111, ¶6; 754 A.2d 958, 959–960 (Me. 2000). The fact that no damages or other monetary award was at issue does not necessarily preclude a determination that a particular party has prevailed. Ibid, at ¶7, 960. Rather, "to be the prevailing party, one must prevail on a significant issue in the litigation and achieve some of the benefits sought by the litigation." Board of County Comm'rs v. Crystal Creek Homeowners Ass'n, 891 P.2d 981, 984 (Colo. 1995) (regarding applications for decrees determining conditional water rights).

In the present appeal, Appellant's success on the merits of his appeal must be analyzed with respect to each of the questions in his statement of questions, in order to determine the issues on which he prevailed.

Appellant obtained the overall result he sought in bringing the appeal — the denial of Appellee-Applicants' permit application — even though it was without prejudice to Appellee-Applicants' filing of a future application. Therefore, Appellant is entitled to the

---

[1] The "publication" fee shown in the affidavit relates to Appellant's Act 250 appeal and was withdrawn in Appellant's memorandum as having been included in this motion in error.

cost of the filing fee.

With regard to Questions 1 and 2 of the Statement of Questions, relating to density, setbacks, and lot coverage, Appellant did not prevail, and would not be entitled to costs with regard to these issues. Appellant did prevail as to Question 3 of the Statement of Questions, relating to the parking requirements of the proposed project. With regard to Question 4 of the Statement of Questions, relating to on-site circulation and harmonious design, Appellant did not prevail as to on-site circulation or as to harmonious design of the Burgess Electric Building alterations and landscaping, but did prevail in part as to the lack of harmonious design of the proposed new housing building at its Archibald Avenue frontage. With regard to Question 5 of the Statement of Questions, relating to whether the project includes an alteration or enlargement of an existing nonconforming use which results in greater noncompliance with dimensional requirements or with parking requirements, Appellant prevailed as to the issue of greater noncompliance with parking requirements, but not as to the issue of noncompliance with dimensional requirements.

With regard to costs incurred in the taking of depositions, Rule 54(g) specifically provides that they are subject to the discretion of the court, although "[n]o costs shall be allowed unless the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at trial." Deposition costs do not include appearance fees charged by expert witnesses to appear at their depositions. Landis v. Hannaford Bros. Co., 2000 ME 111, ¶13, 754 A.2d 958, 961 (Me. 2000), citing Poland v. Webb, 1998 ME 104, ¶14, 711 A.2d 1278, 1281 (Me. 1998). Statutory witness fees and mileage for appearance at trial may be charged as costs.

Appellant did not provide information in connection with the pending motion to show that the deposition of Ann Vivian, or his obtaining a copy of the transcript of Ann Vivian, was reasonably necessary, nor did he distinguish it from the deposition of Michael Richardson in the affidavit of costs. Therefore, the Court must deny these costs on the basis

3

of the present affidavit and memoranda.

With respect to the issues of parking, Appellant may recover the cost of the depositions or transcripts of Thomas Adler (to include that portion of the amount of $82.00 attributable to parking but not to include that portion discussing on-site circulation and access from the surrounding streets); William Nedde (to include that portion of the amount of $445.00 attributable to parking but not to include that portion discussing on-site circulation and access from the surrounding streets); and Michael Richardson (in the amount of $240.60 attributable to parking but not to include that portion discussing on-site circulation and access from the surrounding streets or that attributable to the deposition of Ann Vivian).

With respect to William Maclay, the project architect, who addressed issues of lot coverage and the compatibility of the project with the surrounding neighborhood, Appellant may recover only that portion of the amount of $341.74 attributable to the compatibility of the proposed new housing building with the surrounding neighborhood but not to include that portion attributable to lot coverage or the compatibility of the Burgess Electric building with the surrounding neighborhood.

With respect to Kenneth Lerner and Brian Pine, Appellant did not provide information in connection with the pending motion to show that the deposition of either witness was reasonably necessary in connection with any of the issues on which Appellant prevailed; therefore the Court must deny these costs on the basis of the present affidavit and memoranda.

In addition, Appellant incurred costs of $133 in witness fees covering the attendance and mileage of two of his expert witnesses, Thomas Adler and Ann Vivian, but did not state whether these pertained to trial or to their depositions. If these were the statutory fee and mileage regarding the witnesses attendance at trial, they may be recoverable as costs to the extent that they relate to the issues on which Appellant prevailed at trial. However,

4

Appellant has not provided the Court with sufficient information from which the Court could make that determination.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Costs is GRANTED in part and DENIED in part, in that costs are hereby awarded as discussed above in a prorated amount to account for the issues on which Appellant did not prevail. On or before November 15, 2006, the parties may file an agreed calculation of costs prepared[2] in accordance with this decision, together with a proposed order of costs approved as to form, or Appellant shall file a revised affidavit proposing such a calculation and providing a proposed court order. Any responses shall be filed on or before November 22, 2006.

Done at Berlin, Vermont, this 3rd day of November, 2006.

_____
Merideth Wright
Environmental Judge

---

[2] The parties are free to prorate the costs by the number of transcript pages or the amount of time spent on the relevant issues, or by any other method on which they may agree.