STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re Appeal of Berezniak | } | Docket No. 171-9-03 Vtec |
| (Application of Wager) | } | |
| | } | |

Decision and Order on Motion to Reconsider re Post-Judgment (Post-Appeal) Costs

Appellant David Berezniak appealed from a decision of the Development Review Board (DRB) of the City of Burlington regarding Appellee-Applicants John and Dena Wager's application to modify the existing Burgess Electric Building and to construct a new 27-unit affordable housing apartment building elsewhere on the same property, with associated site improvements. Appellant is represented by Norman Williams, Esq., who also represents nineteen intervenors; Appellee-Applicants are represented by Carl H. Lisman, Esq.; and the City[1] is represented by Kimberlee J. Sturtevant, Esq.

After trial the Court issued a decision and entered judgment in Appellee-Applicants' favor on certain aspects of their proposal, but denied their application because of issues regarding parking for both buildings, on-site circulation, and design features of the front of the proposed apartment building. Appellee-Applicants appealed that decision to the Supreme Court; the appeal was later dismissed, with leave for Appellant to seek costs and expenses in this Court.

On November 3, 2006, this Court issued a Decision and Order (the 2006 Costs Order) awarding Appellant the filing fee (then $150), as well as his costs and expenses related only

---

[1] The City is not the appellee in this matter and is not responsible for any of the costs sought by Appellant.

1

to the issues on which he had prevailed: Question 3 of his Statement of Questions[2] related to parking, the portion of Question 4 related to lack of harmonious design of the front of the new apartment building, and the portion of Question 5 related to the issue of increased noncompliance with the required parking.

In the 2006 Costs Order, the Court determined that Appellant was a "prevailing party" and sought to award Appellant costs on the issues upon which he prevailed, citing V.R.C.P. 54(d)(1); Peterson v. Chichester, 157 Vt. 548, 553 (1991); and see Patch v. Lathrop, 116 Vt. 151, 154 (1950) (costs awarded to defendant on counterclaim on which defendant had prevailed), and reasoning as follows:

> The determination of who is the "prevailing party" for the purposes of Rule 54 is committed to the sound discretion of the trial court, Jordan v. Nissan N. America, Inc., 176 Vt. 465, 473 (2004). We apply the same sort of 'functional analysis' used by the Supreme Judicial Court of Maine in analyzing the identical Maine rule. Landis v. Hannaford Bros. Co., 2000 ME 111, ¶6; 754 A.2d 958, 959–960 (Me. 2000). The fact that no damages or other monetary award was at issue does not necessarily preclude a determination that a particular party has prevailed. Ibid, at ¶7, 960. Rather, "to be the prevailing party, one must prevail on a significant issue in the litigation and achieve some of the benefits sought by the litigation." Board of County Comm'rs v. Crystal Creek Homeowners Ass'n, 891 P.2d 981, 984 (Colo. 1995) (regarding applications for decrees determining conditional water rights).

With respect to deposition expenses, the 2006 Costs Order awarded Appellant his costs related to the depositions of Thomas Adler, William Nedde, Michael Richardson, and William Maclay, but only to the degree that such costs related to the issues upon which Appellant prevailed, as discussed above. The 2006 Court Order also ruled that the costs

---

[2] Appellant's Statement of Questions contains five numbered paragraphs, raising issues as to 1) density, 2) dimensional requirements of setbacks and lot coverage, 3) parking, 4) design, and 5) enlargement of non-conforming use resulting in greater noncompliance with dimensional or parking requirements.

attributable to the depositions of Ann Vivian, Kenneth Lerner, and Brian Pine had to be denied on the basis of the insufficiency of information provided in memoranda and affidavits then filed by Appellant.  The 2006 Costs Order suggested that if the "attendance and mileage" witness fees for Thomas Adler and Ann Vivian pertained to the trial, then they "may be recoverable as costs to the extent that they relate to the issues on which Appellant prevailed at trial."

The 2006 Costs Order allowed the parties to file an agreed calculation of costs on the basis of that decision, prorated by any method on which they could agree, (including the number of transcript pages or the amount of trial time spent on the respective issues), or, if they could not agree, allowed Appellant to file a revised Affidavit containing his proposed calculations and providing a proposed court order.

Appellant moved to reconsider the 2006 Costs Order and, in the alternative, filed a revised affidavit including further detail related to his claims for certain expenses.  He did not propose any allocation or calculation of the expenses[3] based on the concepts explained in the 2006 Costs Order.

Although there is no explicit basis in the civil rules for a motion to "reconsider" a decision, such motions are treated as motions to alter or amend a judgment under Vermont Rule of Civil Procedure 59(e) (allowing "the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party.").  See Office of Child Support, ex rel. Stanzione v. Stanzione, 2006 VT 98, ¶5.  Rule 59(e) relief is, however, an "extraordinary" remedy that should be used "sparingly" and the decision whether to grant relief lies within the discretion of the trial court.  11 Wright, Miller &

---

[3]  Rather, his memorandum, at page 5, described the task as requiring "hours of effort" not warranted by the total amount of costs sought.

3

Kane, Federal Practice and Procedure: Civil 2d § 2810.1, as found on Westlaw; see <u>Rubin v. Sterling Enterprises, Inc.,</u> 164 Vt. 582, 588 (1996) (citing <u>In re Kostenblatt,</u> 161 Vt. 292, 302 (1994)).

Appellant argues that it was error for the Court to determine the issues on which Appellant prevailed and did not prevail and to award him his costs accordingly. Rather, Appellant seeks a ruling that he is entitled to costs even as to issues on which he did not prevail, because Appellee-Applicants' project was not approved. Appellant's interpretation of V.R.C.P. 54(d) would, however, completely make surplusage of the last clause of the rule, which gives courts discretion in determining whether and in what manner to award costs. V.R.C.P. 54(d)(1).[4]

The discretion given to the trial court under V.R.C.P. 54(d)(1) is broad and contemplates both the award of costs to a prevailing party entirely, and the award of costs to a prevailing party only on the issues upon which that party prevailed. See <u>Smith v. Mitton</u>, 104 P.3d 367, 377 (Idaho[5] 2004) (affirming trial court's award to Appellant of 75% of his costs because he prevailed on some issues, but not on others); see also <u>Cleland v. Clayton</u>, 447 So. 2d 187, 189 (Ala. 1984) (affirming trial court's allocation of 50% of costs of survey to Appellant). Unlike in much civil litigation for damages, in Environmental Court

---

[4] In full, V.R.C.P. 54(d)(1) states: "Costs other than attorneys' fees shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs."

[5] Idaho has made this concept explicit in its Rule of Civil Procedure 54(d), which states that a judge "may determine that a party to an action prevailed in part and did not prevail in part, and thus the [j]udge may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained."

the issues on appeal are limited to those specifically defined by the appellant's statement of questions, V.R.E.C.P. 5(f), making it possible for the Court easily to determine the issues on which a party has or has not prevailed.

Appellant now argues that this Court must follow an interpretation of Federal Rule of Civil Procedure 54(d) (on which V.R.C.P. 54(d) is based) to reach Appellant's preferred "all or nothing" result. This Court declines to interpret either the Vermont or the federal rule to render the final clause of the rule as surplusage. Further, even the federal rule has been interpreted to give federal trial courts broader discretion in awarding costs than that argued by Appellant. Coastal Conservation Ass'n v. Gutierrez, 417 F. Supp. 2d 1304, 1308-09 (M.D. Fla. 2006) (awarding costs to parties on a claim-by-claim basis); 10 Wright, Miller, & Kane, Fed. Practice & Proc. 3d §2668, as found on Westlaw (advising a "case by case approach" in light of the "circumstances and equities" of each case); 20 Am. Jur. 2d Costs § 13 ("[w]hen each party prevails on some issues, there is no single prevailing party and the award of costs is committed to the sole discretion of the trial court."). That is, even under Federal Rule 54(d), courts retain broad discretion to allocate costs as is being done in the present case.

In light of the standard set forth in V.R.C.P. 54(d), the Court has fully reconsidered its Decision and Order of November 3, 2006. The Court finds no manifest error of law or fact and declines to alter its interpretation of V.R.C.P. 54(d). Appellant's motion to reconsider is therefore DENIED.

With respect to the award of costs, the November 3, 2006 Decision and Order requested Appellant to provide the Court with a calculation of costs based upon the degree to which he prevailed on the issues as described in that order. Appellee-Applicants now argue that costs should be denied to Appellant for his failure to provide the requested allocation; that is, that it would be reasonable for each party to bear its own costs for the

5

litigation. While that might have been a reasonable result if both parties had sought costs, the remand order from the Vermont Supreme Court only contemplated Appellant's motion. The Court therefore is in the position of ruling on a motion for costs filed essentially by only one of the two partially-prevailing parties, and must proceed to award costs insofar as Appellant has provided the information to allow the Court to do so.

In the revised affidavit for costs, Appellant has estimated that "approximately half" of the Nedde, Adler, Maclay, and Richardson costs were "dedicated to the issues on which Appellant prevailed," regardless of whether those issues were parking or design issues, or both. That estimate is not based on any proffered rationale. The Court has not been provided with a trial transcript from which to estimate the amount of testimony by these witnesses on the issues on which Appellant prevailed, accordingly, we will apply a factor of 40% overall, based on the rough rationale that parking was the subject of all of Question 3 and half of Question 5 (that is, 1.5 out of 5 questions, or 30% of the case as a whole), and the design of the frontage of the new building was the subject of no more than half of Question 4 (10% of the case as a whole).

| | | |
|---|---|---|
| Filing fee: | | $150 |
| Witness fees for attendance at trial and mileage: | | |
| Thomas Adler | $103 x 40% = | $41.20 |
| Deposition transcript copy[6]: | | |
| Thomas Adler | $82 x 40% = | $32.80 |

---

[6] Appellee-Applicants suggest that Appellant could have had photocopies made when the depositions were provided for his witness' signatures. The availability of depositions and their transcripts depends upon the continued willingness of court reporters to produce transcripts for a fair price; the Court will not require parties to undercut this system.

Deposition transcripts:

| | | |
|---|---|---|
| William Maclay | $341.74 x 40% = | $136.70 |
| William Nedde | $445 x 40% = | $178 |
| Michael Richardson | $210.60 x 40% = | $84.24 |

As to Ann Vivian, neither Appellant's original affidavit nor his revised affidavit even stated the issue on which she appeared at trial, nor did either affidavit assert that any portion of her testimony related to the issues on which Appellant prevailed. Accordingly, even though the 2006 Costs Order stated that her witness fees and deposition transcript might be recoverable as costs to the extent that they relate to the issues on which Appellant prevailed at trial, Appellant has not provided the Court with sufficient information from which the Court could make that determination. Accordingly, those costs are not allowed to Appellant.

Appellant did not show that the depositions of two city employees, Ken Lerner and Brian Pine, were reasonably necessary for him to prepare for trial on the issues on which he prevailed; accordingly the costs of those depositions are not allowed to Appellant.

Done at Berlin, Vermont, this 6th day of April, 2007.

_____
      Merideth Wright
      Environmental Judge