STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-773
TED-CUM-F/22/2007

CAMP TAKAJO, INC.,
        Plaintiff

        v.

SIMPLEXGRINNELL LP,

        Defendant

**ORDER ON PLAINTIFF'S
BILL OF COSTS**

The plaintiff recovered judgment against defendant as the result of a jury verdict. As the prevailing party, it is allowed to recover costs as allowed by statute and rule. 14 M.R.S.A. §§ 1501, *et seq.* and M.R. Civ. P. 54. The defendant filed a timely objection, primarily to the amount of fees and costs for expert testimony, deposition and subpoena costs, and video services for use during trial. Defendants objections were based on the lack of supporting data and/or that recovery of costs claimed are not authorized by statute or rule.

The witness fee statute, 16 M.R.S.A. § 251,[1] generally allows witness fees of "$10 for each day's attendance [plus mileage]." The court in its discretion may allow a greater sum for the testimony of an expert witness; however, section 251 conditions the approval of higher expert fees on the filing of an affidavit

> within 30 days after entry of judgment . . . stating the name, residence, number of days in attendance and the actual amount paid or to be paid each expert in attendance at such trial. No more than $10 per day may be allowed . . . in the costs of any civil action for the per diem attendance of a witness, unless the affidavit is filed, and the per diem is determined and allowed by the presiding justice.

16 M.R.S.A. § 251 (2006).

---

[1] Cited by defendant as 14 M.R.S.A. § 251.

The plaintiff filed a timely reply[2] that includes copies of statements for services, vouchers, and affidavits of four experts. The court has reviewed plaintiff's claimed costs, the supporting documents, and defendant's objections.

## A. COSTS ALLOWED WITHOUT OBJECTION

The following costs are allowed without objection:

| | | |
|---|---|---|
| 1. | Service of process upon Simplex Grinnell and Pitre Painting | $ 46.85 |
| 6. | Witness fee and service of process on Naples Public Safety Communications | 83.48 |
| 7 & 8. | Deborah Plummer, service of process | 38.47 <br> 54.04 |
| 10. | Service of process | 41.30 |
| 11. | Witness costs | |

| | | |
|---|---|---|
| a. | Richard Shepard | 35.00 |
| b. | Joseph Correia | 12.00 |
| d. | Deborah Plummer | 25.00 |
| e. | Bob Caron | 25.00 |
| f. | Christopher Pond | 25.00 |
| g. | Ernie Tarbox | 19.00 |
| h. | Robert Bridges | 36.00 |
| i. | Wayne Warner | 13.00 |
| j. | Kenneth Plourde | 13.00 |

| | | |
|---|---|---|
| 16. | Attorney travel (J. Belleau) | 310.31 |

Total of costs allowed without objection $777.45

## B. OBJECTIONS TO EXPERTS

In its reply, the plaintiff supported the request for expert fees with an affidavit from each expert.

---

[2] "The prevailing party shall, within 10 days after a challenge, submit to the court any vouchers or other records verifying any challenged items of cost or interest. Either side may request oral argument and submit affidavits and briefs." 14 M.R.S.A. § 1502-D (Supp. 2006).

The court's standard Rule 16(a) pretrial order allows one expert per issue. Although multiple experts testified for each party, it is clear that each addressed distinct issues and their testimony was of assistance to the court and the jury. The court finds that each expert was well qualified and prepared to testify in the area of their expertise. The per diem fees charged by each is not excessive or unreasonable for their area of interest. The primary issue for the court is total amount of the fees based on the extent of their involvement and services.

The court allows reasonable expenses for expert testimony at trial; however, time spent in reviewing the case for deposition testimony and preparing for trial is not recoverable. *See Landis v. Hannaford*, 2000 ME 111, ¶ 13, 754 A.2d 958, 961 (the cost of an expert witness for attending a deposition is not recoverable) and *Poland v. Webb*, 1998 ME 104, ¶¶ 14, 15, 711 A.2d 1278, 1281-82 (statutes authorizing only fees directly related to attendance at trial and not for attendance at a deposition or for records review and travel time).

The court allows expert witness fees as follows:

| | | |
|---|---|---|
| 14a. | Nathaniel M. Johnson, P.E. | $ 400.00[3] |
| 14b. | Frederick W. Mowrer, Ph.D. | 1,500.00[4] |
| 14c. | Daryl Webb | 780.00[5] |

[3] See affidavit dated March 20, 2007 at tab 100 of plaintiff's reply. The original Bill of Costs listed his expense as $12,061.47. Mr. Johnson testified for approximately 2 hours on February 22, 2007.

[4] See affidavit dated March 20, 2007 at tab 101 of plaintiff's reply. The amount approved excludes preparation and travel time and represents the court's best estimate of Dr. Mowrer's time at court for testimony. He testified on February 22, 2007 for approximately one hour. The original Bill of Costs listed his expense as $20,550.16. The revised amount in the plaintiff's reply was $3,000.

[5] See affidavit dated March 20, 2007, at tab 99 of plaintiff's reply. The amount approved excludes preparation and travel time and represents the court's best estimate of Mr. Webb's time at court for testimony. He testified for approximately two hours on February 22, 2007. The original Bill of Costs listed his expense as $10,059.32.

3

14d.    Jeffrey Zwirn                                        4,800.00[6]

Total allowed for experts                          $ 7,480.00

## C.    DEPOSITION AND SUBPOENA FEES

The defendant objected to all the costs for depositions and subpoenae primarily because documentation of costs was not attached.

The allowance of deposition expenses (i.e., cost of stenographer, service of process, and video/DVD or transcripts) is subject to the discretion of the court. *Boudreau v. Manufacturers & Merchants Mut. Ins. Co.*, 588 A.2d 286, 289 n.12; 14 M.R.S.A. § 1502-C(4); and M.R. Civ. P. 54(g).

The defendant does not question that the depositions were taken and has not questioned the necessity or reasonableness of taking any deposition listed. It does object, however, to costs claimed for technical services and shipping in 13(f), (r), (u), (y), and (z). For these items, plaintiff may recover charges for the actual taking of the depositions and expenses associated with stenographer/technician attendance (e.g. parking). Additional technical services and shipping fees are not recoverable.

The defendant objects to a subpoena service charge upon Ernie Tarbox (#12a). Even though he did not testify, in the absence of information that his potential testimony was not relevant or inadmissible, the court determines that fees for service of

---

[6] See affidavit dated March 21, 2007, at tab 98 of plaintiff's reply. The amount approved excludes preparation and travel time and represents the court's best estimate of Mr. Zwirn's time at court for testimony. Mr. Zwirn testified for approximately five hours on the afternoon of February 22 and the morning of February 23, 2007. The court is aware that counsel requested Mr. Zwirn's presence at trial during the testimony of other witnesses. The court deems that observation time at trial is properly included in preparation time and is not compensable. The original Bill of Costs listed his expense as $20,550.16. The revised amount in the plaintiff's reply is $12,000 for his total attendance at trial at $2,400 per day as his usual out of office fee.

a subpoena are recoverable even though a party may later determine, based on the progress and status of the trial, that the witnesses' testimony is not required.

The court allows deposition and service fees as follows:

12. Service of subpoena, as claimed      $ 424.32

13. Costs and fees paid to court reporters and videographers for depositions (including one copy of transcript or video)

Paragraphs 13a, b, c, d, e, g, h, i, j, k, l, m, n, o, p, q, s, t, v, w, and x.      14,982.55

13f. Based on the supplemental information provided by plaintiff (tab 40 to plaintiff's reply). The court allows:

For the depositions of Tarbox and Correia    $ 656.25
Tape fees      105.00

For the depositions of White, Darling, Lovely, Ford, and Lynch      546.88
Tape fees      175.00
Parking      8.00

(Total allowed for Smith Atwood Video Services $ 1,491.13)

13r. (Tab 52.) Expenses claimed for conversion of video to digital and transcript synchronization are not allowed.      0.00

13u. (Tab 55.) The court allows for the recording of depositions for Doug Carpenter and Charles Hahl, but not for conversion to digital, synchronization, and shipping.      950.00

13y. (Tab 59.) The court allows for the February 10, 2007 recording of depositions for Deborah Plummer and Richard Shepard. No additional costs are claimed.      562.40

13z. The court allows for the February 5, 2007 recording of depositions of Deborah Plummer and Richard Shepard, but not for additional costs.      250.00

5

Total allowed for deposition and service fees $ 18,660.40

**D.   MISCELLANEOUS FILING FEE**

The plaintiff has withdrawn its request for the filing fee (item #4).

**E.   BILL HEILMAN VIDEO SERVICES**

Even though the extensive use of visual aids was of substantial benefit to the court, jury, and witnesses, costs incurred are limited by statute to a maximum of $500. 14 M.R.S.A. § 1502-C.

Total Costs for Visual Aids $ 500.00

**F.   DECISION AND ORDER**

The clerk will make the following entry as the Decision and Order of the court:

The court allows costs to the plaintiff as the prevailing party as follows:

| | | |
|---|---|---|
| 1. | Costs allowed without objection | $ 777.45 |
| 2. | Costs allowed for expert trial testimony | 5,080.00 |
| 3. | Deposition and subpoenae costs | 18,660.40 |
| 4. | Visual aids | 500.00 |

Total Costs Allowed $ 27,417.85

SO ORDERED.

DATED:  August 21, 2007

Thomas E. Delahanty II
Justice, Superior Court

F COURTS
and County
3ox 287
ine 04112-0287

DAVID HERZER ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

OF COURTS
rland County
. Box 287
laine 04112-0287

ELIZABETH STOUDER ESQ
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

OF COURTS
erland County
). Box 287
Maine 04112-0287

JAMES BELLEAU ESQ
MONAGHAN LEAHY
PO BOX 7046
PORTLAND ME 04112-7046