MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 65
Docket:        Han-14-337
Submitted
  On Briefs:   April 23, 2015
Decided:       May 14, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

JOHN J. MONAHAN JR.

v.

JUDITH B. MONAHAN

ALEXANDER, J.

[¶1]   John J. Monahan Jr. appeals from a divorce judgment entered in the District Court (Ellsworth, *Mallonee, J.*) providing for equal division of marital property and awarding spousal support to Judith B. Monahan.  John contends that the court erred in making the spousal support award non-modifiable.  He also argues that the court erred or abused its discretion in various respects in the marital property division.  We direct that the judgment be amended to remove the prohibition on later modification of the spousal support award and affirm the judgment as amended.

I.  CASE HISTORY

[¶2]   John and Judith were married in 1976.  John worked for the Maine Central Railroad and Guilford Transportation Company from 1969 to 2008.  Since

his retirement, John receives railroad retirement benefits pursuant to the Federal Railroad Retirement Act of 1974, 45 U.S.C.S. §§ 231-231v (LexisNexis 1992 & supp. 2014). He currently receives a monthly net payment of $3,372.02 after deductions for taxes and Medicare premiums, the sum of which is broken down into "Tier 1" and "Tier 2" benefits. Judith also receives monthly railroad retirement benefits as a spouse. *See* 45 U.S.C.S. § 231c. Her net payment, including Tier 1 and Tier 2 benefits, is $1,752.67 per month.

[¶3] The parties separated in March 2011, and John filed a complaint for divorce in July 2011. After a final divorce hearing held in January 2014, the court entered a memorandum of decision in which it made several factual findings, including a finding that the thirty-five-year duration of the marriage overrode "all other factors that might have marginally tipped the balance" in favor of one party or another. With regard to John's railroad retirement benefits, the court noted that, because the parties failed to provide any actuarial or computational data establishing the current value of the benefits, it could not assess the parties' proposals regarding possible trade-offs in the property division.[1]

---

[1] Although the parties submitted some evidence of their current finances, there is limited evidence in the record of their past transactions, contributions by each party to the marital estate, or the value of the parties' tangible personal property. The court, therefore, did not assign values to this property and noted that it could not, on the record before it, "quantify all the tangible and intangible contributions of each party."

[¶4]    The court entered an initial divorce judgment on May 7, 2014. Section 8 of the judgment awarded Judith monthly spousal support, equal to "one-half of the difference between [John's] retirement benefits and the benefits [Judith] is to receive, exclusive of the benefits [John] accrued before the marriage." The judgment provided that the spousal support would be general support terminable upon the death of either party, and that the spousal support award "may not be modified." The judgment and an accompanying qualified domestic relations order also awarded Judith an interest in John's "non-Tier 1" railroad retirement benefits pursuant to 45 U.S.C.S. § 231m, based on a calculation contained in the order.

[¶5]    John timely moved to amend the judgment pursuant to M.R. Civ. P. 59(e), seeking modifiable spousal support so that the award would conform with the court's preliminary memorandum of decision, which did not state that spousal support would be non-modifiable. In an amended divorce judgment entered on July 31, 2014, the court declined to make the spousal support modifiable. Judith timely appealed pursuant to 14 M.R.S. § 1901 (2014) and M.R. App. P. 2, and John cross-appealed. Judith then moved to dismiss her appeal pursuant to M.R. App. P. 4(a)(2). We accepted that dismissal by an order entered on September 18, 2014.

## II.  LEGAL ANALYSIS

[¶6]  We first address the property division and other financial issues raised in this appeal.  The court's findings regarding the length of the marriage, the limited specificity of the evidence regarding the financial issues, and the apparent equal contribution of the parties to the marital estate are fully supported by the record.

[¶7]  Based on those findings, the court did not err or abuse its discretion in dividing the marital property pursuant to 19-A M.R.S. § 953(1) (2014).  John's Tier 2 railroad retirement benefits are subject to property division pursuant to federal statute.  *See* 45 U.S.C. § 231m(b)(2).  The United States Supreme Court's holding in *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 583-90 (1979), which protected these benefits from division, has been superseded by 45 U.S.C.S. § 231m(b)(2), which expressly permits equitable division of Tier 2 benefits. *Hisquierdo* is now read to protect only Tier 1 benefits from equitable division. *Pearson v. Pearson*, 488 S.E.2d 414, 422 (W.Va. 1997); *see also Depot v. Depot*, 2006 ME 25, ¶ 8, 893 A.2d 995.

[¶8]  The court also acted within its discretion in setting a timetable for Judith to organize her finances and make an equitable payment of $80,000 to John. *See Tibbetts v. Tibbetts*, 2000 ME 210, ¶ 12, 762 A.2d 937 (stating that "[t]he power of the District Court to divide marital property includes the power to order a

particular method of payment[,]" and "[t]he method chosen should lend finality in the financial interaction of the parties"). Finally, there was competent evidence in the record to support the court's finding that Judith made the gift to John's adult son after discussing the son's financial situation with John and prior to the filing of the divorce complaint. *See Miliano v. Miliano*, 2012 ME 100, ¶ 15, 50 A.3d 534.

[¶9]  Turning to the spousal support award, a court may award general spousal support "to provide financial assistance to a spouse with substantially less income potential than the other spouse so that both spouses can maintain a reasonable standard of living after the divorce."  19-A M.R.S. § 951-A(2)(A) (2014); *see also* 19-A M.R.S. § 951-A(5)(A)-(Q) (2014) (listing the factors a court must consider when determining spousal support, including the length of the marriage, the ability of each party to pay, and the employment and income potential of each party).

[¶10]  Prior to a 2013 amendment, future modification of a spousal support award could be prohibited if the order stated that the award, "in whole or in part, is not subject to future modification."  19-A M.R.S. § 951-A(4) (2012).  That law was amended in 2013 to specify that all spousal support orders issued on or after October 1, 2013, are "subject to modification when it appears that justice requires." 19-A M.R.S. § 951-A(4) (2014); *see* P.L. 2013, ch. 327, § 1 (effective

Oct. 9, 2013); Comm. Amend. A to L.D. 548, No. H-330, Summary (126th Leg. 2013).

[¶11] Pursuant to the plain language of section 951-A(4) as amended, which governs all orders entered on and after October 1, 2013, the court's judgment, originally entered in May 2014 and amended in July 2014, could not direct that spousal support "may not be modified."[2] Accordingly, the divorce judgment must be amended to remove the language prohibiting modification of spousal support and to provide that spousal support is "subject to modification when it appears that justice requires." 19-A M.R.S. § 951-A(4).

The entry is:

> Section 8 of the divorce judgment shall be amended as indicated in this opinion. As amended, the divorce judgment is affirmed.

---

[2] Although the plain language of 19-A M.R.S. § 951-A(4) (2014), as amended, could be read to indicate that a court may still provide for non-modifiable spousal support but that such language could later be ignored if "justice requires" that the award be subject to modification, we must construe statutes to avoid absurd, illogical, or inconsistent results. *Doe v. Reg'l Sch. Unit 26*, 2014 ME 11, ¶ 14, 86 A.3d 600. Accordingly, in order to give effect to legislative intent, we assume that the Legislature did not intend to allow a court to enter a non-modifiable award that could, in effect, be meaningless. *See id.* ¶ 15 ("In construing a statute, we may properly consider its practical operation and potential consequences.").

**On the briefs:**

Paul A. Weeks, Esq., Paul Weeks Attorney, PA, Bangor, for appellant John J. Monahan Jr.

Stephen C. Smith, Esq., Lipman & Katz, PA, Augusta, for appellee Judith Monahan

Ellsworth District Court docket number FM-2011-209
FOR CLERK REFERENCE ONLY