MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 140
Docket:        Wal-15-81
Submitted
 On Briefs:    September 28, 2015
Decided:       November 3, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

KIMBERLY WOOD

v.

NEAL E. WOOD JR.

GORMAN, J.

[¶1]   Kimberly Wood appeals from an order of the Superior Court (Waldo County, *R. Murray, J.*) amending a judgment entered on Kimberly's negligence claim against her husband, Neal E. Wood Jr., after a jury trial. Kimberly contends that the court improperly credited Neal's insurer for the amounts it paid directly to Kimberly's medical providers before this action was commenced.  We vacate the order amending the judgment and remand for further findings.

## I.  BACKGROUND

[¶2]  The parties do not dispute the underlying facts as established at trial. On April 3, 2010, Kimberly was a passenger on a motorcycle operated by her husband when she was injured in an accident caused by his negligence.  At the

time, both Neal and Kimberly were named insureds on a motorcycle insurance policy from Progressive Insurance Company. That policy contained the following provision for medical payments coverage:

### PART II - MOTORCYCLE MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, we will pay the reasonable expenses incurred for necessary **medical services** received within three years from the date of a motor vehicle accident because of **bodily injury**:

1. sustained by an **insured person**; and

2. caused by that motor vehicle accident.

We, or someone on **our** behalf, will determine:

1. whether the expenses for **medical services** are reasonable; and

2. whether the **medical services** are necessary.

Kimberly had $5,000 in medical payments coverage pursuant to the policy.[1]

[¶3] Between April and November of 2010, Progressive made a series of seven payments to Kimberly's medical providers totaling $5,619.69. Four of the checks totaling $3,073.28 listed Neal as the "[i]nsured" and Kimberly as the

---

[1] The policy further provided, "When we are reimbursed by an insured person for payments we have made under Part II – Motorcycle Medical Payments Coverage, we are responsible for a pro rata share of the attorney fees incurred by the insured person in recovering payment from a liable party."

"[c]laimant," and contained a claim number corresponding to the April 3, 2010, date of loss. The other three checks totaling $2,546.41 contained no reference to Neal, Kimberly, or the claim.

[¶4] Kimberly filed a complaint against Neal in the District Court (Belfast)[2] alleging one count of negligence in connection with the accident. After a trial held in August of 2014, a jury returned a verdict finding Neal negligent and awarding Kimberly $50,000 in "total damages for the injuries which she sustained as a result of the accident occurring on April 3, 2010." The court entered a judgment on the verdict in the amount of $50,000.

[¶5] Neal later moved to amend the judgment to obtain a credit for the $5,619.69 in prejudgment payments that Progressive had made to Kimberly, and Kimberly sought payment of her costs and prejudgment interest pursuant to M.R. Civ. P. 54(d). By decision dated January 21, 2015, the court granted Neal's motion to amend the judgment to award Kimberly $44,380.31 (the $50,000 verdict less the $5,619.69 in prepayments) based on its application of 24-A M.R.S. § 2426 (2014). The court also awarded Kimberly costs and prejudgment interest based on the total damages award of $44,380.31. Kimberly appeals.

---

[2] Neal later removed the case to the Superior Court (Waldo County) for a jury trial pursuant to M.R. Civ. P. 76C.

4

## II.  DISCUSSION

[¶6]   Kimberly argues that the court erred in interpreting 24-A M.R.S. § 2426 to allow Neal a credit against the judgment for $5,000 (the medical payments maximum coverage) of what Progressive had already paid to her medical providers.  The interpretation of section 2426 is an issue of law we review de novo, first by evaluating the plain language of the statute to determine its meaning. *MaineToday Media, Inc. v. State*, 2013 ME 100, ¶ 6, 82 A.3d 104; *Landis v. Hannaford Bros. Co.*, 2000 ME 111, ¶ 9, 754 A.2d 958.  If the language is unambiguous, we interpret it accordingly. *MaineToday Media, Inc.*, 2013 ME 100, ¶ 6, 82 A.3d 104.  If the language is ambiguous, we consider other indicia of legislative intent to discern its meaning. *Id*.

[¶7]  Title 24-A M.R.S. § 2426 provides in its entirety as follows:

**§ 2426.  Advance payments**

**1.**  No payment or payments made by any person, or by his insurer by virtue of an insurance policy, on account of bodily injury or death or damage to or loss of property of another, shall constitute an admission of liability or waiver of defense as to such injury, death, loss or damage, or be admissible in evidence in any action brought against the insured person or his insurer for damages, indemnity or benefits arising out of such injury, death, loss or damage unless pleaded as a defense to the action.

**2.**  All such payments shall be credited upon any settlement with respect to the same damage, expense, or loss made by, or upon any judgment rendered therefor in such an action against, the payor or

his insurer, and in favor of any person to whom or on whose account payment was made.

It therefore allows a credit when each of five conditions has been satisfied: (1) a prepayment is made; (2) the prepayment was made by a person or by an insurer "by virtue of an insurance policy"; (3) the prepayment was made "on account of bodily injury or death or damage to or loss of property of another"; (4) a settlement "with respect to the same damage, expense, or loss" is reached or "any judgment . . . therefor" is rendered; and (5) the settlement or judgment is "in favor of [the] person to whom or on whose account payment was made." 24-A M.R.S. § 2426. Here, there is no dispute as to conditions 1, 2, 4, and 5; the parties agree that Progressive indeed made prepayments for Kimberly, those payments were made by virtue of her and Neal's motorcycle insurance policy, and a judgment was rendered in Kimberly's favor for those injuries for which the payments were made.

[¶8]   The parties disagree regarding condition 3, that is, whether the prepayments were made "on account of bodily injury . . . to . . . another." 24-A M.R.S. § 2426(1). Kimberly argues that the prepayments were medical expense payments pursuant to her own medical payments coverage in the policy, and therefore were not issued pursuant to her or Neal's obligation *to another person*, placing them outside the scope of section 2426. The Superior Court

6

concluded that this language of section 2426 applies to Progressive's prepayments regardless of whether those payments were made pursuant to Neal's liability coverage or Kimberly's medical payment coverage.[3] Neal argues that the Superior Court correctly interpreted section 2426, but also suggests that the prepayments were based on Progressive's duty to pay as Neal's liability carrier.

[¶9]  We look to the plain language of the statute.  A prepayment is eligible for a credit only when made "on account of bodily injury . . . *to . . . another*." 24-A M.R.S. § 2426(1) (emphasis added).  In other words, a credit is available for any payment made to an injured person *because the at-fault party caused injury to that person,* i.e., because he is liable for that person's injuries.  *See* Black's Law Dictionary 873 (9th ed. 2009) (defining "liability insurance" as "[a]n agreement to cover a loss resulting from the insured's liability to a third party, such as a loss incurred by a driver who injures a pedestrian"); *see also* 24-A M.R.S. § 2912(1)

---

[3]  We have interpreted section 2426 on only one occasion—in *Landis v. Hannaford Brothers Co.*, 2000 ME 111, 754 A.2d 958—on which the Superior Court relied in concluding that Progressive's were the type of payments for bodily injury that section 2426 was meant to address.  In that case, the plaintiff was injured after slipping on a wet floor. *Landis*, 2000 ME 111, ¶ 2, 754 A.2d 958.  Hannaford paid the plaintiff $6,000 for "medical expenses" prior to the trial. *Id*. ¶¶ 1-2.  A jury found Hannaford liable, but awarded the plaintiff no damages. *Id*. ¶ 3.  Hannaford then attempted to offset its obligation to pay the plaintiff's litigation costs pursuant to M.R. Civ. P. 54(d) by the $6,000 it had prepaid. *Id*. ¶ 9.  We affirmed the Superior Court's denial of Hannaford's request for a credit for those amounts. *Id*. ¶¶ 4, 9, 13.

*Landis* does not direct the outcome here because there was no dispute that the amounts Hannaford had already paid to the injured party were indeed prepayments pursuant to section 2426; the dispute was instead whether those prepayments could be used to offset the costs awarded to the injured party pursuant to Rule 54(d).  Here, in contrast, the parties dispute whether the payments made by Progressive actually qualify as prepayments within the meaning of section 2426.

(2014) (distinguishing among types of automobile insurance policies by separating "bodily injury liability" and "property damage liability" from "medical payments" and "uninsured motorist coverage"); *Dickau v. Vt. Mut. Ins. Co.*, 2014 ME 158, ¶ 5, 107 A.3d 621 (recognizing the "basic premise underlying insurance law, and tort law in general, that an injured person's damages are paid by or on behalf of the at-fault party"). Indeed, Neal and Kimberly's own policy defines "liability" as damages owed "TO OTHERS . . . for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident." Kimberly's medical payments coverage, in contrast, sets out Progressive's direct obligation to Kimberly as an insured.

[¶10] The overall objective of section 2426 bolsters this plain language interpretation. *See Dickau*, 2014 ME 158, ¶ 21, 107 A.3d 621 ("[W]e must interpret the plain language by taking into account the subject matter and purposes of the statute, and the consequences of a particular interpretation."). The purpose of the statute is to "encourage the payment of damages while a matter remains in dispute" by both removing any prospect of the defendant or defendant's insured being deemed to have admitted liability or waived a defense if there is a subsequent lawsuit brought by the injured party, and preventing a successful plaintiff from obtaining a windfall in the form of the full amount of the judgment in addition to any amounts that the defendant or the defendant's insured had

already prepaid. *Landis*, 2000 ME 111, ¶ 11, 754 A.2d 958; *see* 24-A M.R.S. § 2426(1) (stating that a qualifying prepayment "shall [not] constitute an admission of liability or waiver of defense as to such injury . . . in any action brought against the insured person" and "shall be credited upon any settlement . . . or upon any judgment rendered . . . in such an action"). Indeed, section 2426 has no effect other than to guard against certain possibilities in a later lawsuit filed by a third person against the insured. This legislative intent is meaningless as to an insurer's obligation to its own insured, as in the case of medical payments coverage, because an insured would have no cause to later attempt to prove liability against herself. *See Monahan v. Monahan*, 2015 ME 65, ¶ 11 n.2, 116 A.3d 950 (stating that we must interpret statutory provisions to avoid absurd results). Pursuant to its plain language, we interpret section 2426 to apply only to payments made based on a liability provision of a policy.

[¶11]   For that reason, whether Progressive's prepayments to Kimberly's medical providers were indeed "medical payments" pursuant to the policy's coverage of Kimberly, or "liability payments" pursuant to the policy's coverage of Neal, is dispositive of whether section 2426 operates to afford a credit for those payments.

[¶12]   Generally, we interpret insurance contracts as we do statutes, by reviewing the plain language of the policy de novo, resolving any ambiguities in

favor of the insured. *Pelkey v. Gen. Elec. Capital Assurance Co.*, 2002 ME 142, ¶ 10, 804 A.2d 385. Whether a particular prepayment check was issued pursuant to one portion of a policy or another portion of a policy is an issue of fact reviewed for clear error, however, because it does not require any interpretation of the contract language itself. *See Bernier v. Merrill Air Eng'rs*, 2001 ME 17, ¶¶ 7-8, 770 A.2d 97 (stating that a factual prerequisite to the application of a contract provision is reviewed for clear error). Here, given the court's conclusion that section 2426 applied equally to medical payments or liability payments, no such factual determination was ever made. Although the parties agreed that the copies of Progressive's prepayment checks submitted with Neal's motion to amend the judgment were in fact those by which Progressive paid Kimberly's medical providers, the court did not determine whether the payments were medical or liability payments. Therefore, we must vacate the court's decision granting that credit and remand for a factual determination of the type of prepayments Progressive made—whether liability payments pursuant to Neal's policy, medical payments pursuant to Kimberly's policy, or some other type of payment; reconsideration of Neal's motion to amend the judgment based on that finding; and recalculation of costs owed to Kimberly pursuant to Rule 54(d) based on the amount of that judgment.

The entry is:

> Order amending judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**On the briefs:**

Sarah I. Gilbert, Esq., Elliott & MacLean, LLP, Camden, for appellant Kimberly Wood

Paul S. Douglass, Esq., Paul S. Douglas, P.A., Lewiston, for appellee Neal E. Wood Jr.

Waldo County Superior Court docket number CV-2013-22
FOR CLERK REFERENCE ONLY